## Shannopin Coal Co. *v.* Greene County, Appellant.

*Taxation—Assessment of coal lands—Unreasonable increase by county commissioners—Appeals—Consolidation of appeals.*

1. Where three tracts of coal are assessed as one contiguous body, separated only by township lines, it is proper practice for the court to consolidate appeals from the separate assessments for the purpose of trial.

2. Where the court of common pleas finds from sufficient and competent evidence that the assessment of coal lands by the county commissioners was excessive and arbitrary, an order reducing the assessments will be sustained on appeal.

3. Where on an appeal from a tax settlement by county commissioners, the owners offer sufficient and ample evidence to support a finding that the assessment was improper, and the county declines to offer additional testimony in support of the assessments beyond that necessary to make out its prima facie case, and submits the case on the evidence, the court on appeal is justified in finding that the value of the lands as shown by the owners is uncontradicted, and worthy of belief, and therefore that value is conclusive.

*Practice, C. P.—Evidence — Rebuttal — Order — Discretion of court—Consolidation of tax appeals.*

4. The order in which evidence in rebuttal is received is entirely within the discretion of the court.

5. Tax appeals may be consolidated for the purpose of trial.

Argued February 4, 1924.  Appeal, No. 5, Oct. T., 1924, by defendant, from order of C. P. Greene Co., June T., 1922, Nos. 74-6, reducing tax assessments, in case of Shannopin Coal Company v. Greene Co.  Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Appeals from tax assessments.  Before SLOAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Appeals sustained and assessments reduced.  Defendants appealed.

*Errors assigned* were, inter alia, (2) refusal of evidence offered in rebuttal, (28) order, quoting record.

*A. H. Sayers,* with him *H. C. Sayers, Jr.,* and *T. H. Shannon,* for appellants.—Every presumption should be resolved in favor of the assessment as revised by the board of revision: Von Storch v. Scranton, 3 Pa. C. C. R. 567; Pardee v. Schuylkill Co., 276 Pa. 246; Kelly v. Pittsburgh, 85 Pa. 170; Fox's App., 112 Pa. 337; Com. v. Canal Co., 123 Pa. 594; New Castle v. Cutler, 15 Pa. Superior Ct. 612.

When an appeal is perfected in the common pleas the proceeding as to method of procedure, proofs offered and admitted, findings of fact and conclusions of law is de novo: Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Lehigh Val. Coal Co. v. Com'rs, 250 Pa. 515.

Tax assessment cases should be heard and decided like any case of similar character brought before a judicial tribunal: Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Penna. Stave Co.'s App., 236 Pa. 97.

The valuation placed on land by the board of revision is presumed to be correct and the burden is on appellant to overcome this presumption: Scott's App., 11 Del. Co. R. 331; Blecker's App., 2 D. & C. 772.

Consolidation of appeals was without authority: Bank v. Hunsicker, 2 W. N. C. 381; Bell v. Hamilton, 1 Browne 303; Pearce Mfg. Co. v. Ins. Co., 15 Pa. Dist. R. 645; Noll v. Ins. Co., 1 D. & C. 785; Azinger v. R. R., 262 Pa. 242.

*James J. Purman,* with him *Andrew M. Linn, J. C. Davies, Kyle & Reinhart* and *Crago & Montgomery,* for appellees.—Consolidation of actions for purpose of trial has been practiced in this State since 1791 (1 Yates 4) and has continued to the present time: Pardee v. Schuylkill Co., 276 Pa. 246.

Moreover, the imaginary lines dividing Dunkard, Greene and Perry Townships are not controlling of the rights of Shannopin Coal Co., owners of a contiguous block of coal which happens to be situate partly in each of these three townships: Washington Co. v. Glass Co., 35 Pa. C. C. R. 673; Azinger v. P. R. R., 262 Pa. 241.

If lands are assessed below the actual value, then, in order that the assessment may be uniform, the board of revision is charged with the duty of assessing all real estate at the same ratio or proportion of its actual value and they cannot do this unless they have such a ratio or proportion in mind when making the assessments: Lehigh, etc., Coal Co. v. Luzerne Co., 225 Pa. 267; D., L. & W. R. R. Co.'s Tax Assessment, 224 Pa. 240; Lehigh Val. Coal Co. v. Com'rs, 250 Pa. 515.

PER CURIAM, March 3, 1924:

The Shannopin Coal Company, owner of coal lands in the townships of Dunkard, Perry and Greene, in Greene County, appealed in three separate proceedings from the triennial assessment for the years 1922, 1923 and 1924, to the Court of Common Pleas of Greene County, and from the order of that court, reducing the assessed value of the property, made after hearing, the county appealed to this court. The coal assessed constitutes one continuous body, separated only by township lines. The court

consolidated the three appeals "for the purpose of trial," which, under the circumstances, we think proper. After hearing testimony adduced by both the coal company and the county, the valuation of appellee's property in Dunkard Township was reduced from $325 per acre to $200; in Greene Township from $275 per acre to $150; and in Perry Township from $150 per acre to $100. It was agreed of record that all appeals taken from assessments of coal lands should abide the final decree in this appeal and that assessments should be reduced by a like percentage in case the reduction made by the court below is sustained in this appeal.

The testimony is quite voluminous and shows the county commissioners, sitting as a board of revision, increased to a considerable extent the assessed value of coal lands generally throughout the county above the amounts previously rated for taxable purposes. That action was the result of a resolution of the board providing "that the active coal at each mine be assessed at the sum of five hundred dollars per acre for 100 acres near each mine. That the assessed value of inactive coal for the years 1922, 1923 and 1924, in the various assessment districts, be revised and equalized"; then follows a schedule fixing the value of such property for taxable purposes in the various municipal divisions of the county at sums ranging from $30 to $350 per acre. The increase in valuation under the resolution (the assessors having also raised the valuation) aggregated more than $6,-000,000 above the total amount placed on such property and returned to the commissioners by the local assessors. No increase was made by the board in the value placed on any other class of real estate.

Of the thirty assignments of error but one, the second, refers to the admissibility of evidence and whether the testimony there referred to should have been received at that time was entirely within the discretion of the court, the evidence being in rebuttal. The refusal to receive it, consequently, was not error.

The remaining assignments refer mainly to the location of appellee's coal property, its accessibility, quality and value for taxable purposes. Referring to these matters, the court below found, inter alia, as follows: "(f) Both the assessors and commissioners acted arbitrarily in increasing the valuation of coal lands; they did not take into consideration any of the elements entering into the market value of virgin coal lands, such as the facilities for transportation, how far the various tracts are located from the railroad, what the cost of putting the coal into operation would be, what the quality as well as the quantity of the coal, what the mining conditions in the region might be, how many years would be required to mine, remove and market any block or tract of coal, how many years the money might be invested on interest, or any other matters, which, in the mind of a contemplating purchaser, would add to or detract from the value of the property. (g) The assessment by the assessors as well as the revision and increase thereof by the county commissioners, was at a fraction of the actual value. No class of real estate in the county was assessed at what it would 'sell for at bona fide sale after due public notice,' and no ratio was fixed or established between the actual value and the assessed value either by the assessors or the county commissioners acting as a board of revision. (h) The board of revision in assessing the coal land considered its market value at some future period rather than at the time of assessment. They took into consideration what the earning or productive power of the coal land might develop in the future rather than what it is actually worth on the market at present." An examination of the record shows ample evidence to support these findings; and, finally, the county having declined to offer additional testimony in support of the assessments, beyond that necessary to make out its prima facie case, and having submitted the case on the evidence, the court concluded: "On this appeal, the testimony as to the value of the lands of the

appellant is uncontradicted and is worthy of belief, and therefore that valuation must be conclusive." In accordance with these findings and conclusion, the assessments were properly reduced as above indicated.

In view of the conclusion reached it becomes unnecessary to pass on the motion to quash the appeal.

The decree of the court below is affirmed at appellant's costs.