THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN G. M. HILTON, Respondent, against NICHOLAS J. FAHRENKOPF, as Commissioner of Assessments of the City of Albany, et al., Appellants.

Argued October 7, 1938; decided November 29, 1938.

50

*Joseph J. Casey*, Corporation Counsel (*Robert E. Whalen* of counsel), for appellants. The doctrine of *res judicata* is inapplicable. (*Shaw* v. *Broadbent*, 129 N. Y. 114; *Rudd* v. *Cornell*, 171 N. Y. 114; *Matter of St. Lawrence Transmission Co.* v. *McAvoy*, 137 Misc. Rep. 603; *Bell* v. *Merrifield*, 109 N. Y. 202; *People ex rel. Knickerbocker Safe Deposit Co.* v. *Wells*, 181 N. Y. 245.) The Appellate Division was not justified in reducing the referee's valuations which the court at Special Term had approved and confirmed. (*People ex rel. Amalgamated Properties, Inc.*, v. *Sutton*, 274 N. Y. 309; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Pirman* v. *Confer*, 273 N. Y. 357; *Forbes* v. *Todd*, 266 N. Y. 384; *Conlin* v. *Kraft & Sons Co.*, 271 N. Y. 499; *Kossoff* v. *Wald*, 272 N. Y. 480; *People* v. *Crum*, 272 N. Y. 348; *Doyle* v. *Met. El. Ry. Co.*, 136 N. Y. 505; *Boyd* v. *Boyd*, 252 N. Y. 422; *Heiman* v. *Bishop*, 272 N. Y. 83; *People ex rel. Loeser & Co.* v. *Goldfogle*, 220 App. Div. 326; *Goelet* v. *National Surety Co.*, 249 N. Y. 287; *Adams Express Co.* v. *Ohio*, 166 U. S. 185; *People ex rel. Amalgamated Properties, Inc.*, v. *Sutton*, 274 N. Y. 309; *People ex rel. Jamaica Water Supply Co.* v. *Tax Commrs.*, 196 N. Y. 39.)

*Ernest B. Morris* and *William E. Woollard* for respondent. The doctrine of *res judicata* is applicable. (*Goelet* v. *National Surety Co.*, 249 N. Y. 287; *People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513; *People ex rel. Warren* v. *Carter*, 119 N. Y. 557; *Stearns* v. *Shepard & Morse L.*

*Co.*, 91 App. Div. 49.) The evidence conclusively sustains the findings of fact made by the Appellate Division. (*York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *Van Cortland* v. *N. Y. C. R. R. Co.*, 265 N. Y. 249; *Smith* v. *Smith*, 273 N. Y. 380; *People ex rel. Jamaica W. S. Co.* v. *Tax Commrs.*, 196 N. Y. 39; *Boyd* v. *Boyd*, 252 N. Y. 422; *Lamport* v. *Smedley*, 213 N. Y. 82; *People ex rel. D. & H. Canal Co.* v. *Ganley*, 56 Hun, 639; 131 N. Y. 566; *Folinsbee* v. *Sawyer*, 157 N. Y. 196; *Cassin* v. *Stillman, Delehanty-Ferris Co.*, 185 App. Div. 63; *McGuire* v. *McGuire*, 201 App. Div. 71; *McKinster* v. *Babcock*, 26 N. Y. 378.)

LOUGHRAN, J. This is a certiorari proceeding brought under article 13 of the Tax Law (Cons. Laws, ch. 60).

The relator is the owner of 41 North Pearl street and 98 Sheridan avenue in the city of Albany. In 1936 the Commissioner of Assessments and Taxation of the city fixed the assessed valuation of the first mentioned property at $800,000 and that of the other at $25,000. The city Board of Review (composed of the Commissioner, the Comptroller and the Corporation Counsel) refused any reduction. After trial of the issues of value, the Special Term reduced the assessments to $704,000 and $15,048, respectively.

The prior assessment of each property in 1935 had been reviewed on certiorari. In the proceeding then taken, the assessed valuation of 41 North Pearl street had been fixed by the court at $489,324 and that of 98 Sheridan avenue at $14,960. The Appellate Division here sustained the relator's contention that this former determination was *res judicata* as to the issues of value in the present proceeding and that court reduced the 1936 valuations of the Special Term accordingly, citing *People ex rel. Warren* v. *Carter* (119 N. Y. 557).

In the cited case the proceeding was one to review an assessment of real property for the year 1887. Similar proceedings had been brought in 1885 and 1886, and it

had then been judicially determined that the value of the property was $40,000. The assessment for 1887 ·was $60,500 and was reduced to $40,000 by the Special Term. In affirming the judgment there entered upon the decision below, this court said: " The adjudications made in 1885 and 1886 were binding and conclusive upon the parties thereto as to the value of the property in those years, and unless there was an increase in its value subsequent to those adjudications and before the assessment in 1887, or some change affecting its assessable value, the court at Special Term committed no error in giving those adjudications conclusive effect between the parties. The fact that some of the assessors had received new terms of office was unimportant. The offices and the officers were the same, and we see no reason to doubt that the doctrine of *res adjudicata* should apply to such a case so far as above indicated " (p. 559). The words just quoted are to be read in the light of the record to which they were addressed. It thereby appears that the issue of value in the 1887 proceeding was tried and that, upon conflicting proofs (including the records of the prior proceedings), the court found that the actual 1887 value was $40,000. The *Warren* case thus did not necessarily decide more than the proposition that the value of property for taxation as adjudicated in one year may be evidence of its assessable value for a succeeding year. We think the correctness of that proposition is not to be doubted.

There is equally no doubt, however, that the *Warren* case has been thought to go as far as we understand the Appellate Division went in the present proceeding. *(Matter of Mitchell,* 254 App. Div. 637, and cases there cited. See 2 Freeman on Law of Judgments [5th ed.], p. 1804; 3 Cooley on Law of Taxation [4th ed.], § 1142.) This view of that case involves, we think, a misconception of the scope of *res judicata* which should now be removed.

It is of the essence of an assessment that it fixes value as of a certain time. Each annual proceeding is separate

and distinct from every other. Year by year an assessor must use his own judgment and must verify the roll (Tax Law, § 28). From these considerations it results that a prior judicial determination of value does not legally bind successor assessors. (*People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513.) It was by that decision suggested, to be sure, that a different result might consistently be predicated of the circumstance that no change in the personnel of an assessing board had occurred since a prior adjudication of value was made. We are now persuaded to say that we think this suggestion was unsound, for value in one year is not in issue thereafter nor are the assessors themselves real parties in interest. Accordingly, we conclude that (though the assessing officers have at all times been the same persons) the doctrine of *res judicata* can have no true application to the issues of value in recurring assessment proceedings. (Cf. *Tait* v. *Western Maryland Ry. Co.*, 289 U. S. 620.)

New findings of value were here made by the Appellate Division. These have been reviewed. It is our judgment that the findings of value made by the Special Term are in accord with the weight of the evidence.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.