THE PEOPLE OF THE STATE OF NEW YORK ex rel. 42ND STREET BUILDING CORPORATION, Relator, *v.* WILLIAM STANLEY MILLER and Others, Commissioners of the Board of Taxes and Assessments of the City of New York, Respondents.*

Supreme Court, Special Term, Queens County, March 12, 1940.

*Frank* and *Julius Zizmor* [*Julius Zizmor* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Murray Sendler, Assistant Corporation Counsel,* of counsel], for the respondents.

FROESSEL, J.   In this certiorari proceeding relator seeks the review of the tax assessment made on October 1, 1937, for the tax year 1938 and the first half of 1939 on premises known as No. 4209 Forty-seventh avenue, Sunnyside, Queens county, designated on the tax maps of said county as lot 1, block 169, section 2.   The premises involved consist of a plot of ground 95 feet by 190 feet in dimensions, upon which is erected a six-story elevator apartment house.   The assessment on this property in previous years has been the subject of litigation.   For the tax year 1936 the premises were assessed at a valuation of $340,000, which the court, after trial, reduced to $281,000.   For the tax year 1937 the premises were again assessed for $340,000, and after trial the court dismissed the writ on the merits.   On appeal to the Appellate Division, however (257 App. Div. 831), the court unanimously reversed the dismissal and ordered a new trial, after which the valuation was again reduced to $281,000.

For the year now under review the premises have again been assessed in the sum of $340,000.   Upon this trial each side produced a real estate expert.   The expert on behalf of the relator testified that the value of the property was $274,165.   The expert

* Aff'd., 259 App. Div. 1051.

on behalf of the respondent testified that the value of the property was $350,801.71. Giving full recognition to the well-established rule of the presumption of correctness that attaches to the determination of the tax commissioners on the one hand (*People ex rel. Manhattan Ry. Co.* v. *Barker,* 152 N. Y. 417), and that the value of the property for taxation as adjudicated in one year may be evidence of its assessable value, though not *res adjudicata* in recurring assessment proceedings (*People ex rel. Hilton* v. *Fahrenkopf,* 279 N. Y. 49) on the other, the court finds upon careful consideration of all the evidence upon this trial that the proper value of the land for the period in question should be fixed in the sum of $43,500, and of the improvements in the sum of $250,000, making a total of $293,500.

Settle findings of fact and conclusions of law.