CLEVELAND THEATRES, INC. v

EVATT

Board of Tax Appeals

No. 2141. Decided July 27, 1942.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, for appellant.

Frank T. Cullitan, Cuyahoga County Prosecutor, Cleveland, and A. Braun, Asst. Prosecutor, Cleveland, for appellee.

### ENTRY

This cause and matter came on to be heard by the Board of Tax Appeals upon an appeal filed herein under the authority of §5611 GC, from an order made by the Tax Commissioner under date of June 19, 1940, in and by which the Tax Commissioner, finding that he did not have any authority to grant to the appellant the relief therein prayed for, denied an application theretofore filed by the appellant with the Tax Commissioner under the assumed authority of §5624-10 GC, for the remission of taxes and penalties in the aggregate amount of $1,952.72 theretofore extended by the County Auditor of Cuyahoga County, Ohio, for the tax year 1936 against certain real property on the tax list and duplicate of the county for said year; which property was and is described as being part of Original Lot 75 fronting 85 ft. on Euclid Avenue and known as the Ohio Theatre and Lobby Building and the Ohio Commercial Building located at 1621 Euclid Avenue, Cleveland, Ohio. Said cause was heard upon the appeal filed by the appellant with the Board of Tax Appeals, on a transcript of the proceedings before the Tax Commissioner relating to said application and the order complained of. upon the statements of counsel made on the hearing of this cause under date of May 14, 1942, and upon the arguments and briefs of counsel.

Upon consideration thereof the Board of Tax Appeals finds that the County Auditor of Cuyahoga County in making up his tax list and duplicate for the year 1935, placed the above described property on said tax list and duplicate at an aggregate land and building valuation of $308,800.00; that thereafter on April 28, 1936, the appellant as the lessee of the above described property and as the taxpayer with respect to the same, filed a complaint with the county board of revision of said county with respect to the valuation of the property; and that on July 22, 1936, the county board of revision made and entered a decision and order determining the land and building valuation for said property in accordance with the valuation of the property as assessed by the county auditor and entered by him

on the tax list and duplicate for said year. The Board further finds that thereafter on August 19, 1936, the appellant filed a notice of appeal from the decision of the county board of revision to the Tax Commission of Ohio, which appeal was heard by the Tax Commission under date of February 4, 1937, and decided by it under date of July 8, 1937. By its decision made and entered therein the Tax Commission found that the assessed value of said property as fixed and determined by the county board of revision was not the true value in money of said property, and found and determined that the building valuation of said property was $246,730.00, which building valuation as found and determined by the Tax Commission was $62,070 less than the building valuation of said property as the same was carried on the tax list and duplicate of the county for the year 1935, and as such building valuation was found and determined by the county board of revision for said year. As to this the Board further finds that on July 30, 1937, the prosecuting attorney and the county treasurer of said county filed an appeal with the Common Pleas Court of Cuyahoga County from said decision of the Tax Commission determining the valuation of said property for the year 1935, and that on June 26, 1939, said court made and entered a decision and judgment affirming the decision of the Tax Commission with respect to the valuation of the property for said year.

The Board of Tax Appeals on consideration of this case, finds that while said appeal with respect to the tax valuation of said property for the year 1935 was pending before the Tax Commission of Ohio and before said commission had determined the tax valuation of the property for said year, the County Auditor of Cuyahoga County, Ohio, as required by the provisions of §2583 GC, made up his annual tax list and duplicate of taxable real property in said county for the year 1936 and entered the above described property of appellant on said tax list and duplicate at an aggregate land and building valuation of $308,800 which, as above noted, was the aggregate land and building valuation of the property entered on the 1935 tax list and duplicate of the county and thereafter sustained by the county board of revision. Although the appellant did not file any complaint with the county board of revision with respect to the assessed land and building valuation of said property for the year 1936 as the same was entered on the tax list and duplicate of the county for said year, as it might have done under the then provisions of §5609 GC, the appellant in paying its taxes on this property for the last half of the year 1936 withheld the sum of $1,775.20, which sum represented the tax at the current tax rate for said year on the $62,070 which was the amount of deduction in the valuation of the property for the year 1935 which had at that time been made by the Tax Commission. This sum plus the penalty thereon has since been carried on the tax list and duplicate for said year as a delinquent item, totaling in amount the sum of $1,952.72. The application filed with the Tax Commissioner, as aforesaid, was for an order directing the remission of this item of delinquent taxes and penalty. The Tax Commissioner disposed of said application by an order and entry made by him under date of June 19, 1940, which order and entry, after reciting in sub-

stance the facts above stated, is in words and figures as follows:

"Under authority of §5624-10 GC, remission is therefore sought for taxes and penalties on such property for the tax year 1936 in such delinquent amount of $1,952.72, correcting the assessed valuation of such property for the tax year 1936 to that determined to be the valuation for the year 1935.

"Upon consideration of this matter, it is the finding and determination of the Tax Commissioner that he is without authority to grant any remission of taxes and penalties which are predicated upon a review by the Tax Commissioner of the action of the county auditor in valuing real estate, no complaint having been duly filed with respect to the 1936 valuation."

It is this order of the Tax Commissioner which is the subject of the appeal now before this Board. On the consideration of the questions thereby presented, it is apparent that at the time the appellant filed with the Tax Commissioner its application for the remission of the item of taxes and penalty for the year 1936, above noted, the Tax Commissioner as the successor of the Tax Commission of Ohio, was authorized under the then provisions of §§1464 and 1464-3 GC, to exercise the power conferred by §5624-10 GC, to remit taxes and penalties thereon which have been illegally assessed "in consequence of the negligence or error of an officer required to perform a duty relating to the assessment of property for taxation, or the levy or collection of taxes". It is obvious that the Tax Commissioner in denying appellant's application for the remission of said item of taxes and penalty, was of the view that the action of the county auditor (and of the county board of revision acting under §5605 GC) in placing this property on the tax list and duplicate of the county for the year 1936 at an aggregate land and building valuation of $308,800.00, was not an error which he could correct by the remission of taxes and penalties under the provisions of §5624-10 GC; and that the action of the county auditor (and county board of revision) in placing this valuation on the property for the year 1936 did not become an error within the purview of this section of the General Code by reason of the fact that subsequently the Tax Commission of Ohio made an order by which an identical valuation of the property on the tax list and duplicate of the county for the year 1935 was reduced by the sum of $62,070.00. We are of the opinion that the Tax Commissioner did not err in denying the appellant's application for the remission of said item of taxes and penalty on this property for the year 1936. The decision and order of the Tax Commission of Ohio and the decision and order of the Common Pleas Court of Cuyahoga County determining the taxable valuation of this property for the year 1935 were not res judicata with respect to the valuation of this property for the year 1936. People, ex rel. Hilton, v Farenkopf, 279 N. Y. 49; In re. Assessment Sioux City Stock Yards, 223 Iowa 1066. And the decision and order of the Tax Commission of Ohio and of the common pleas court of said county determining the valuation of this property did not, therefore, conclude the county auditor or the county board of revision with respect to the tax valuation to be placed upon this property for the year 1936. Swetland Co., appellant v Evatt, Tax Commr., 139 Oh St 6,

21 OO 511; Brudno v Board of Revision, 18 OO 3. If there were any error on the part of the taxing officials of the county with respect to the tax valuation of this property as it was entered on the tax list and duplicate of the county for the year 1936, such error was one of judgment on the part of such taxing officials, which under the law could have been corrected only by the filing of a complaint with the county board of revision under the authority of §5609 GC, and thereafter, if necessary, by an appeal to the Tax Commission under §5610 GC, and by subsequent appeal to the common pleas court under the provisions of §5611-2 GC.

The order of the Tax Commissioner complained of in this appeal is hereby affirmed.