Sheldon Hotel Corporation Assessment Appeal.

Argued April 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Bradley Ward*, with him *Lemuel B. Schofield*, for appellant.

*Joseph H. Lieberman*, with him *Frank F. Truscott*, City Solicitor, and *Michael D. Hayes*, Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1949:

The Sheldon Hotel Corporation, owner of the premises at Nos. 1229-35 Chestnut Street, Philadelphia (the Adelphia Hotel property), appealed to the Court of Common Pleas No. 3 of Philadelphia County from the assessment of the property made by the Board of Revision of Taxes for the year 1948 as being excessive, unfair and unequal.

The assessment was in a lump sum of $1,954,600 for the property as a whole but was itemized, as required of assessors by Section 7 of the Act of June 27, 1939, P. L. 1199 (53 PS §4805.7), showing a valuation of $953,200 for the land and $1,001,400 for the building.

At the hearing of the appeal, which was *de novo* in the court below,[1] an expert witness called by the City of Philadelphia testified to a fair market value for the property for the year 1948 of $1,928,000 made up of $850,000 for the land and $1,078,000 for the building. A witness for the owner placed the fair market value of the property at considerably less, but, with that, we are not concerned; the discrepancies in the oral testimony were for the fact finder. After a review of all of the evidence, the learned trial judge found the fair market value of the property for the purposes of taxation for the year 1948 to be $1,928,000 and decreed a reduced assessment in that amount. The court en banc, in a careful and thorough opinion, confirmed the action of the trial judge and entered a consonant final order from which the property owner brought this appeal.

The appellant's principal contention is that the trial judge found the assessable valuation of the property for the year in question at a figure which, although less than the assessment appealed from, is not justified by the evidence adduced at the hearing. Thus, the appellant argues that, because the City's sole witness at the hearing on the appeal testified to a land value less than the assessment itemization for the land and to a building value more than the assessment itemization for the building, the court could not properly find a value for the property, as a whole, at a figure higher than the total of the expert's land valuation plus the itemized assessment for the building. This argument the appellant bases on the contention that the requirement of Section 7 of the Act of 1939, cit. supra, that the district assessors in their returns to the Board of Revision "assess separately the land and the improvements thereon in

---

[1] *DuBois's Appeal*, 293 Pa. 186, 189, 142 A. 134; *Lehigh Valley Coal Co. v. Northumberland Co. Commissioners*, 250 Pa. 515, 523, 95 A. 712; *Philadelphia & Reading Coal & Iron Company v. Northumberland County Commissioners*, 229 Pa. 460, 468, 79 A. 109.

the case of each parcel of real property" is equally a directive to a court when reviewing an assessment on appeal and that the court "is without power to fix a valuation in a single sum covering land and building as a unit."

No such restriction attends the court's power in the given circumstances. The direction of the statute, which the appellant stresses, relates to the assessors' returns of their work to the Board of Revision; and, manifestly, a reviewing court does not act in the capacity of an assessor. There is no reasonable basis for concluding that, upon an appeal from a real estate assessment, a court is required to follow the practice enjoined by the statute upon assessors. At most, the itemization of an assessment, required of an assessor, is but "an intermediate step in the ascertainment of the taxable value of the property as a whole": see *Susquehanna Collieries Company's Appeal*, 335 Pa. 337, 341, 6 A. 2d 831, and cases there cited. The thing from which the property owner appeals (and, therefore, the matter before the court) is the total assessment of the property as a unit. The appellant's petition for an appeal in the present matter plainly so recognizes. The petitioner therein averred that the assessors "assessed the said property for taxation at $1,954,600.00 [a lump sum] for the year 1948" and that "the *present assessment* of $1,954,600.00 is excessive, unfair, unjust and unequal . . ." (Emphasis supplied). As was said in the *Susquehanna Collieries* case, supra,—"Since there was here only a single assessment from which an appeal could be taken in accordance with the provisions of the . . . [applicable statute], the appeal to the court of common pleas would ordinarily raise the question of the correctness of the total assessment." The matter for review before the court below being the single assessment for the property as a whole, it was the court's province to say whether the assessment exceeded the fair market value of the prop-

erty or lacked uniformity with assessments of other properties of the same class. To discharge that function, the court was not required to itemize separate valuations for the land and building. It performed its duty when, after reviewing all of the evidence, it found $1,928,000 to be the fair market value of the property as a whole and fixed the assessment thereof accordingly. Before we would be at liberty to set aside that finding, error therein would have to appear by clear evidence: *Felin v. Philadelphia,* 354 Pa. 317, 319, 47 A. 2d 227; *American Academy of Music Appeal,* 321 Pa. 433, 435,, 184 A. 657; *Westbury Apartments, Inc., Appeal,* 314 Pa. 130, 131, 170 A. 267. And, no such evidence is disclosed by the record.

The appellant also contends that the fair market value of the property as found by the Court of Common Pleas No. 6 of Philadelphia County on the owner's earlier appeal from the assessment for the year *1947* (when augmented by the increase in value between 1947 and 1948 ascribed to the property by the City's expert) was *res judicata* on the currently involved appeal from the assessment for the year *1948.* The learned trial judge aptly termed the proposition "fallacious reasoning", pointing out that the witness's "opinion of an increase was not based upon the court's finding in the 1947 appeal but rather his own valuation made at that time." But, in order that no doubt may be created by the manner of our disposition of the question which the appellant raises in such regard, we now declare unequivocally that a real estate assessment for purposes of taxation for one year is not *res judicata* of the question of the property's fair market value for assessment purposes for a succeeding or later year. No decision of this State, whereof we are aware, suggests to the contrary; and, certainly, the appellant has cited none. The decisional law of other jurisdictions fully confirms the view we take of the matter.

In a comprehensive annotation ("Taxes—Res Judicata—Different Periods") reported in 150 A. L. R. 5, the annotator states (p. 79) that "the weight of authority supports the proposition that the determination of value of property [for tax purposes] on a particular date is not conclusive as to the value of the property on a subsequent date." Indeed, such authority is now overwhelming. The only States cited where the courts formerly held otherwise were New York and New Hampshire, and, in the case of each, the respective court of last resort later repudiated its earlier rulings and now holds that an assessment valuation for a particular year is not *res judicata* of a like question of value for a different year. See *People ex rel. Hilton v. Fahrenkopf,* 279 N. Y. 49, 17 N. E. 2d 765 (1938), and *Winnipiseogee Lake Cotton & Woolen Mfg. Co. v. Laconia,* 74 N. H. 82, 65 A. 378 (1906).

In *People ex rel. Hilton v. Fahrenkopf,* supra, the New York Court of Appeals, in reversing, said that the view of *People ex rel. Warren v. Carter,* 119 N. Y. 557, 23 N. E. 926, taken and relied upon by the Appellate Division, involved "a misconception of the scope of res judicata which should now be removed." The same learned court then went on to say that "It is of the essence of an assessment that it fixes value as of a certain time. Each annual proceeding is separate and distinct from every other. Year by year an assessor must use his own judgment and must verify the roll. . . . From these considerations it results that a prior judicial determination of value does not legally bind successor assessors." The opinion concluded with the statement that "the doctrine of res judicata can have no true application to the issues of value in recurring assessment proceedings." The *Fahrenkopf* case, supra, has since been cited and followed a number of times. See, e.g., *People ex rel. N. Y. Cent. R. Co. v. State Tax Commission,* 264 App. Div. 80, 35 N. Y. S. 2d 77, 84 (1942),

where, upon a successive determination of property assessments for purposes of taxation, it was said that "The doctrine of res adjudicata has no application here"; *Bellingham Community Hotel, Inc., v. Whatcom County,* 12 Wash. 2d 237, 121 P. 2d 335, 337 (1942), where, under a statute providing for real property assessments every even-numbered year, the Supreme Court of Washington held that "The valuation of appellant's property for the year 1934, as fixed by the court in the prior action, became the assessed valuation 'to be used as the basis for tax levies for that year. . . . It did not, however, become the valuation for the year 1936, and as to such year, the former adjudication of value was not binding upon either the county assessor or the trial court in the instant case"; also, *Standard Oil Company v. Zangerle,* 141 Ohio 505, 49 N. E. 2d 406, 410 (1943), where the Supreme Court of Ohio approved the rule generally followed that "an assessment fixes value for a definite date or year and . . . is not determinative of or conclusive as to an assessment for a subsequent year."

The assignments of error are accordingly overruled. Order affirmed at appellant's costs.