# Lit Brothers, Appellant, *v.* Philadelphia.

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Bradley Ward,* with him *Lemuel B. Schofield,* for appellant.

*Joseph H. Lieberman,* Solicitor for the Board of Revision of Taxes, with him *Frank F. Truscott,* City Solicitor and *Michael D. Hayes,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, June 24, 1949:

The plaintiff, as owner of the property at 1327-39 Chestnut Street, Philadelphia, known as the Widener Building, appeals from an order of the Court of Common Pleas No. 5 of Philadelphia County fixing the fair market value of the property for assessment purposes for the year 1947 upon the plaintiff's appeal from the assessment made by the Board for Revision of Taxes.

The plaintiff contended in the court below that the assessments of the property in a lesser amount, as ordered by the Courts of Common Pleas, No. 7 and No. 1, of Philadelphia County, upon appeals thereto from assessments for the years 1945 and 1946, respectively, (1) precluded the Board for Revision of Taxes from reinstating as the assessment for the year 1947 its prior valuation of the property and (2) that such formerly adjudicated assessments were *res judicata* of the fair market value of the property for assessment purposes for the year 1947 in the absence of proof of an intervening increase in value. The learned court below properly rejected both contentions; and, in the light of our

more recent decision in *Sheldon Hotel Corporation Assessment Appeal,* 362 Pa. 313, 66 A. 2d 242, the appellant has now abandoned them.

The argument made here is that the fair market value of the property, as found by the court below, is not supported by the weight of the evidence. With that contention, we are unable to agree. The evidence in the case amply supports the findings of the learned trial judge, and the reasoning applied to the findings by the court en banc, upon confirming them, is both sound and cogent. There is, therefore, no justifiable basis for any interference on our part with the action of the learned court below.

Order affirmed at appellant's costs.