## Hendel Appeal.

Argued March 14, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

636

*T. Robert Brennan,* with him *Harvey E. Robins,* and *Brennan and Brennan,* for appellant.

*John F. Murphy,* Assistant County Solicitor, with him *Maurice Louik,* County Solicitor, for Board of Property Assessment, Appeals and Review, appellee.

OPINION BY MR. JUSTICE COHEN, May 2, 1961:

Robert Hendel purchased the Enright Theatre located at 1806 Pennsylvania Avenue in Pittsburgh in July, 1958. At the time of that acquisition the tri-annual assessment of Allegheny County for the years 1957-58-59 amounted to $461,950 divided as follows: $152,950 on the land; $252,000 on the theatre building and $57,000 on the stores. In December 1958 a break occurred in the water line which flooded the building and occasioned substantial damage to the theatre. Since it was not economically feasible to renovate the theatre as the cost of restoration would have exceeded $100,000, Hendel decided to immediately raze and demolish the theatre portion and entered into contracts necessary to effectuate that intention.

During the last week of December 1958 the wrecking company began work on the premises so that actual demolition of the structure had been commenced in 1958. The complete destruction and demolition of the building and the filling of the basement to grade level was accomplished in April 1959, at which time appellant filed an appeal with the Board of Property Assessment, Appeals and Review of Allegheny County, requesting that the Enright Theatre Building be eliminated from the 1959 tax assessment. The board, by its

decision of June 4, 1959, pursuant to section 13 of the Second Class County Code, Act of June 21, 1939, P. L. 626, as amended, 72 PS §5452.13, changed the original tri-annual assessment of the property in view of the water damage and the amount of the demolition that had been completed on December 31, 1958 by reducing the assessment on the theatre building 50% to $126,-000. Hendel appealed to the court of common pleas where the assessment on the theatre building was further reduced to $100,000. Both Hendel and the board have appealed from this order.

Hendel's contention is that the board should have considered his intention to completely raze and demolish the theatre portion of the premises since he followed through with that intention by actually beginning the demolition and concluding it expeditiously in April 1959. Hence, he maintains that the board should have completely removed the building from the assessment rolls. To adopt appellant's contention would completely disrupt the orderly processes of assessments throughout the Commonwealth of Pennsylvania.

While a property owner under the Second Class County Code is entitled to have his property carried on the assessment rolls at a valuation which reflects its condition as of December 31 of the preceding year or January 1 of the current year, he cannot require that his future plans for the building, except to the extent that they are executed, be reflected in the assessment. Here, the subsequent completion of the intended demolition, even though partially commenced before January 1, and after January 1 expeditiously pursued, cannot affect the value of the building on January 1. The good faith of the owner in pursuing his stated intention in no way influences or determines the value of the building at the time the assessment rolls are closed. Hence, the contention of appellant

must be disregarded since the board is required to place a value on the building as of January 1 for assessment purposes irrespective of what is actually done with the building after that date.

Even though the lower court was correct in requiring that the value placed on the building for assessment purposes be determined as of January 1, we must nevertheless reverse the court since it reduced the board's assessment from $126,000 to $100,000. The court made this reduction despite the lack of competent evidence to show that the board's valuation was contrary to or in disregard of the owner's rights. See *Chatfield v. Board of Revision of Taxes,* 346 Pa. 159, 29 A. 2d 685 (1943). The assessment of the theatre building in the amount of $126,000 is reinstated.

Order reversed.