Pittsburgh Miracle Mile Town & Country Shopping Center, Inc., Appellant, *v.* Board of Property Assessment.

244

Argued October 8, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused March 24, 1965.

*Philip Baskin,* with him *Baskin, Sachs & Craig,* for appellant.

*Francis A. Barry,* First Assistant County Solicitor, with him *John F. Murphy,* Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellee.

Opinion by Mr. Justice Roberts, February 25, 1965:

Pittsburgh Miracle Mile Town & Country Shopping Center, Inc., appellant, was the owner of certain real estate located in Monroeville Borough, Allegheny County. The total valuation for county assessment purposes on this property for the triennium beginning in 1959 was $2,465,820. After an unsuccessful appeal to the Board of Property Assessment, Appeals and Review of Allegheny County for a reduction in valuation, an appeal was taken to the court below where the issue raised was an alleged lack of uniformity.

The lower court dismissed the appeal, holding that appellant had not attacked the complete assessment in this case as required by law, and also that appellant had produced no competent evidence to establish that the assessment was unjust, discriminatory, or lacking in uniformity.

The court below indicated that at the pretrial conference counsel had stipulated that only the land assessment was being contested. If so, this was improper and should not have been permitted by the pretrial judge. The basic and controlling substantive issue in a real estate assessment appeal is the correctness of the total assessment of the property as a unit. *North Park Village, Inc. v. Bd. of Property Assessments,* 408 Pa. 433, 184 A. 2d 253 (1962); see *Sheldon Hotel Corp. Assessment Appeal,* 362 Pa. 313, 66 A. 2d 242 (1949). A stipulation as to the fair market value of land or improvements is merely an evidentiary expedient and does not alter the court's obligation on review to pass upon and to determine the correctness of the property assessment as a whole. Such a stipulation, in effect, achieves only the same evidentiary result as though the taxpayer offered no evidence to challenge or overcome the prima facie validity of the Board's assessment either as to land or improvements. In that

event, absent contrary evidence, the prima facie validity of the Board's assessment would prevail on an evidentiary basis. In essence, the taxpayer may permit such a result to obtain either by (1) offering no evidence or inadequate evidence to overcome the prima facie validity or (2) by affirmatively saying in the form of a stipulation that he does not disagree with a portion of the valuation and will offer no contradictory evidence. It was therefore improper to have permitted the stipulation to restrict the court's function, as appears to have been the situation in the court below. Apparently, the stipulation caused the trial to be conducted on a basis which limited the attack and the court's province to the determination of the correctness of a portion of the property assessment, rather than the total.[1]

---

[1] The Supreme Court of New Jersey has aptly noted: "A taxpayer who seeks a reduction of an assessment below true value must prove that his share of the total tax burden substantially exceeds the share allocated to others generally. If his proof does not meet that test, it would be of no moment that the assessment of either his land or his building would be excessive if separately measured against the general treatment of land or of improvements respectively. Indeed he would receive an undue advantage if he could confine his proof in a case of this kind to the treatment of only land or building and have the trier of the facts assume the assessed valuation of the other accords with true value. The burden is his to establish with independent proofs the true value of the parcel with its improvements and that the total assessment of the improved parcel substantially exceeds the ratio of assessment of real property in the taxing district. By the same token, if the taxpayer meets that burden, he is not concerned with such allocation of the resulting figure between land and improvements as may be made administratively for some other purpose. This is not to say that evidence may not be offered as to the value of land and of building separately as a step in the process of proving the total value of land and building as an entity; rather the point is that relief is not warranted unless the total treatment of the parcel as improved violates the existing rule of equality." *In the Matter of Kents*, 34 N.J. 21, 33-34, 166 A. 2d 763, 769-70 (1961).

With respect to the issue of uniformity, appellant submitted to the court below a letter from the Pennsylvania State Tax Equalization Board which stated that the ratio of market value to assessed value in Monroeville Borough School District for the year 1959 was 55%. This ratio was based on a total market value of real estate in the amount of $82,301,300 and an assessed valuation of $45,239,667. The question of the admissibility of State Tax Equalization Board figures, if properly presented, would be one of first impression in this Court although there is dictum in *Buerger v. Allegheny County Bd. of Property Assessment*, 188 Pa. Superior Ct. 561, 567-68, 149 A. 2d 466, 470 (1959), allocatur denied, 188 Pa. Superior Ct. XXVIII, concerning the issue. If competent evidence of an overall currently prevailing or common ratio based on actual sales within the taxing district is available, and if the manner in which such evidence would be introduced permits of cross-examination, such evidence may normally be received. However, without reaching the question of the helpfulness, relevancy or admissibility of the State Tax Equalization Board figures, it is clear that the ratio figures for the Borough were improper evidence in this case. The pertinent ratio is that which prevails in the entire taxing unit, not merely in a portion of the district. Monroeville Borough is only a segment of the taxing district, Allegheny County.[2] All evidence which seeks to establish a ratio should be directed to the whole of the taxing district involved.[3]

---

[2] On the basis of the record and appellant's brief in this case, it can be assumed that the equalization statistics were not submitted at trial but rather at some time subsequent thereto. If otherwise admissible, such evidence should be introduced at the hearing of the case where it may be properly considered and weighed with all other evidence.

[3] While we do not reach the general issue of the admissibility of State Tax Equalization Board figures, this Court recognizes that

We note that in the present case appellant's evidence was in no way contradicted by the Board of Property Assessment and that there existed confusion in the interpretation of the meaning of "comparable". What we said in *Deitch Co. v. Bd. of Property Assessment*, 417 Pa. 213, 209 A. 2d 397 (1965) and *McKnight Shopping Center, Inc. v. Bd. of Property Assessment*, 417 Pa. 234, 209 A. 2d 389 (1965), disposes of these issues and all other issues raised in this case.

The order of the court below is vacated and the case remanded for further proceedings consistent herewith.

_____

_____

§17 of the Act of June 27, 1947, P. L. 1046, 72 P.S. §4656.17 raises questions as to such admissibility. Section 17 reads: "Nothing contained in this act [which creates the Board and defines its functions] shall be construed to change or affect the validity of the assessed valuation of any real property for the purpose of levying taxes by any political subdivision."

The writer of this opinion is of the view, not expressed by the majority, that the dictum in *Buerger* with reference to the admission of the Board's statistics is logical and persuasive. On every rational basis, equalization figures compiled by an expert state research agency would be relevant and helpful in the determination of the issue of uniformity. See *In the Matter of Kents*, 34 N.J. 21, 166 A. 2d 763 (1961); Notes, "Inequality in Property Tax Assessments: New Cure for an Old Ill," 75 Harv. L. Rev. 1374 (1962). In assessment cases, as elsewhere, the best evidence available should govern. *Kemble's Estate*, 280 Pa. 441, 447, 124 Atl. 694, 697 (1924). Of course, such evidence should not be deemed conclusive but rather as one factor among others which is entitled to evidentiary weight and due consideration. The writer would hope, therefore, that the Legislature might take action to remove any obstacle which may exist by virtue of Section 17 of the Act of June 27, 1947.

Mr. Justice JONES and Mr. Justice COHEN are in agreement with the views expressed by the writer in this footnote.