█ In the Matter of MOUNT HOUSING COMPANY, Respondent-Appellant, v EVAN A. RUBINO, as Assessor of the City of Mount Vernon, et al., Appellants-Respondents. — In a tax certiorari proceeding, the parties cross-appeal from a judgment of the Supreme Court, Westchester County (Sullivan, J.); dated July 15, 1981, which, *inter alia,* reduced the tax assessment on the subject property for the tax year 1980 from $1,075,000 to $869,147. Judgment reversed, without costs or disbursements, and new trial granted. The subject property consists of a 20-story apartment building comprising 288 units and a garage. The garage contains 63 parking spaces and there are an additional 55 outdoor parking spaces on the premises. In reaching its determination to reduce the tax assessment, Special Term followed the capitalization of net income approach to value, and relied on the actual rent collections for the calendar year 1979. In our view, such reliance was error. Although the value of property for taxation as adjudicated in one year may be evidence of its assessable value for a succeeding year (see, e.g., *People ex rel. Hilton v Fahrenkopf,* 279 NY 49), the object of a tax certiorari proceeding remains the determination of the actual value of the property on the tax status date (see *Matter of Woolworth Co. v Tax Comm. of City of N. Y.,* 20 NY2d 561, 567). In the instant case, since the tax

status date was May 1, 1980, the most appropriate yardstick for measurement of value was the rent roll for May, 1980 rather than rent collected the previous year. Moreover, since a new trial is required, we believe it appropriate that further evidence be taken on the income derived from the rental by nonresidents of parking spaces on the premises. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.