■ In the Matter of MOUNT HOUSING COMPANY, Respondent-Appellant, v EVAN A. RUBINO, as Assessor of the City of Mount Vernon, et al., Appellants-Respondents. — Motion by petitioner for reargument of the cross appeals by the parties from a judgment of the Supreme Court, Westchester County, dated July 15, 1981, which was reversed by order of this court dated July 26, 1982. Motion for reargument denied. On the court's own motion the decision and order, both dated July 26, 1982 (87 AD2d 622), are recalled and vacated and the following decision is substituted: In a tax certiorari proceeding, the parties cross-appeal from a judgment of the Supreme Court, Westchester County

(Sullivan, J.), dated July 15, 1981, which, *inter alia,* reduced the tax assessment on the subject property for the tax year 1980 from $1,075,000 to $869,147. Judgment reversed, without costs or disbursements, and new trial granted. The subject property consists of a 20-story apartment building comprising 288 units and a garage. The garage contains 63 parking spaces and there are an additional 55 outdoor parking spaces on the premises. In reaching its determination to reduce the tax assessment, Special Term followed the capitalization of net income approach to value, and relied on the actual rent collections for the calendar year 1979. In our view, such reliance was error. Although the value of property for taxation as adjudicated in one year may be evidence of its assessable value for a succeeding year (see, e.g., *People ex rel. Hilton v Fahrenkopf,* 279 NY 49), the object of a tax certiorari proceeding remains the determination of the actual value of the property on the tax status date (see *Matter of Woolworth Co. v Tax Comm. of City of N. Y.,* 20 NY2d 561, 567), in this case, May 1, 1980. It is clear from the record that apartment rentals were increasing not decreasing. On the particular facts of this case, the most appropriate base yardstick for the measurement of income was the rent roll for May, 1980, rather than rent collected the previous calendar year. We concur with the city's expert that this amount, times 12, and less an appropriate allowance for vacancy and credit loss, in this case constitutes a more accurate estimate of income for the tax year in question. When computing net income, however, expenses should be estimated based upon actual expenses for an entire year, with appropriate adjustments. Moreover, since a new trial is required, we believe it appropriate that further evidence be taken on the income derived from the rental by nonresidents of parking spaces on the premises. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.