## LaRose Dwellings, Inc., Appellant, *v.* Allegheny County Board of Property Assessment.

588

Argued April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Leonard M. Mendelson,* with him *Edward C. Leckey,* for appellant.

*John F. Murphy,* Assistant County Solicitor, with him *James Victor Voss,* Assistant County Solicitor,

*Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellee..

OPINION BY ERVIN, P. J., June 17, 1965:

LaRose Dwellings, Inc. owns two three-story brick apartment buildings in the City of Pittsburgh and the land adjoining. The assessment of this property for the triennial year beginning in 1960 was $112,725, including an assessment of $53,160 each on the two apartment buildings.

After an unsuccessful appeal to the Board of Property Assessment and Review, the taxpayer took an appeal to the court below, alleging an assessment in excess of market value and lack of uniformity. At the trial the board offered into evidence a certified copy of the assessment record and rested. This established the prima facie validity of the assessment: *North Park Village, Inc. v. Bd. of Property Assessments,* 408 Pa. 433, 184 A. 2d 253.

Appellant called two witnesses. A bookkeeper authenticated and introduced into evidence statements of income and expense for the apartment buildings for the years 1958-1959. Appellant's second witness, a real estate expert, Mr. Strauss, testified the market value of the property was $120,000 and that the ratio of assessment to market value was 94%, at an assessment of $112,725. The expert then testified to the market value of four allegedly comparable properties, another apartment building, two private residences and a duplex, all in the neighborhood, and on the basis of these figures found a ratio of assessed value to market value of 44% as to the Brookline apartment building and between 32.7% and 35% as to the other properties.

At the close of the case appellant offered, and the court refused to admit in evidence, the report of the State Tax Equalization Board as showing the ratio

between assessed and market value of real estate in the City of Pittsburgh and Allegheny County. Although the board presented no countervailing evidence, the court below held appellant had not met its burden of proof that the assessment was in excess of market value or lacking in uniformity, and dismissed the appeal. The taxpayer appeals to this Court.

In dismissing the appeal the court below rejected the testimony of the expert witness Strauss as to the relation between assessment and market value on these allegedly comparable properties, other than the apartment house, on the ground the properties were not in fact comparable.

The appeal here properly raises only the issue of uniformity since appellant's expert Strauss' testimony showed market value in excess of assessed value: *McKnight Shopping Center, Inc. v. Board of Property Assessment*, 417 Pa. 234, 209 A. 2d 389.

A clear distinction exists between "comparables" to show market value of a specific property, and comparables to establish a ratio in the district between market value and assessed value: *McKnight Shopping Center, Inc. v. Board of Property Assessment*, supra. Under the recent Supreme Court cases of *McKnight Shopping Center, Inc.*, supra, and *Deitch Company v. Board of Property Assessment*, 417 Pa. 213, 209 A. 2d 397, "any relevant evidence" of lack of uniformity is admissible in order to show a current ratio between market and assessed value in a district. Evidence of lack of uniformity "should be directed" *(Deitch,* supra) to an overall ratio for the district or county. However, as in *Brooks Building Tax Assessment Case,* 391 Pa. 94, 137 A. 2d 273, if evidence of a current ratio throughout the district is not available, showing of a lack of uniformity through a reasonable number of "comparables" may suffice to sustain the taxpayer's burden; *Deitch Co.,* supra; *McKnight,* supra. Lack

of uniformity in the ratio of assessed to market value may be shown by various methods, as set forth in *Deitch Co.* and *McKnight,* supra, although the extent of the taxpayer's burden to prove a common ratio of assessed to market value in the taxing district is not, apparently, capable of exact definition as applied to any particular case.

Further, under the *Deitch* and *McKnight* cases, supra, in considering whether the taxpayer has shown lack of uniformity, countervailing proof offered by the board is important. In the present case there was no countervailing proof offered by the board. Where the taxpayer's proof is relevant and credible it must be given due weight and cannot be ignored by the court: *Deitch Co. v. Board of Property Assessment,* supra; *McKnight Shopping Center, Inc. v. Board of Property Assessment,* supra. The court below erred, therefore, under the law as set forth in *Deitch* and *McKnight,* supra, in rejecting appellant's evidence of comparables to show the ratio between assessment and market value on the issue of uniformity.[1]

Were the State Tax Equalization Board figures for Allegheny County admissible in evidence as bearing on the question of a ratio of assessed to market value of real estate in Allegheny County? The State Tax Equalization Board was created by the legislature (Act of June 27, 1947, P. L. 1046, 72 PS §4656.1) to equalize assessed valuations of real property throughout the Commonwealth for use in determining the amount and allocation of the Commonwealth subsidies to school districts: *Newport Twp. School Dist. v. State Tax Equalization Board,* 366 Pa. 603, 605, 79 A. 2d 641. As pointed out at length by Justice ROBERTS in *Pittsburgh Miracle Mile Town & Country Shopping*

---

[1] In fairness to the court below, these opinions had not been reported at the time it made its decision.

*Center, Inc. v. Board of Property Assessment,* 417 Pa. 243, 209 A. 2d 394, the issue of the admissibility of State Tax Equalization Board figures to establish a ratio of assessed to market values has not been definitely passed upon, although in a footnote Justice ROBERTS pointed out three members of the Court felt the evidence should be admissible, though not controlling. However, in the same footnote of *Pittsburgh Miracle Mile,* supra, Justice ROBERTS points to §17 of the Act of June 27, 1947, P. L. 1046, 72 PS §4656.17, which provides: "Nothing contained in this act shall be construed to change or affect the validity of the assessed valuation of any real property for the purpose of levying taxes by any political subdivision." See *Newport Twp. School Dist. v. State Tax Equalization Board,* supra, at page 606, and *Appeal of Herskovitz,* 54 Luzerne L. Reg. 25 (1963). In view of all that was said in *Pittsburgh Miracle Mile,* supra, including the reference to §17 of the Act of 1947, supra, we believe the law presently to be that State Tax Equalization Board figures to show the ratio of assessed to market value are not admissible in tax assessment proceedings such as this, and the court below was correct in excluding this evidence. However, we agree with the view that such figures should be admissible, though not controlling, on the issue of the ratio of assessed to market value of real estate in the district, and that legislative action should be taken to effect such a result.

In this case, the appellant having presented evidence that the market value is in excess of the assessment, the principal issue was uniformity, and the court must determine from the evidence the appropriate ratio of assessed to market value and apply this to market value to arrive at a proper assessment: *Deitch Co.,* supra; *McKnight,* supra.

The order of the court below is vacated and the case is remanded for further proceedings consistent with this opinion.