**Harry M. Pollock Co., Inc. Appeal**

*James G. Callas*, for appellant.

*Robert E. Pryde*, for appellees.

GRAFF, J., September 26, 1973.—This matter comes before us upon an appeal by the Harry M. Pollock Co., Inc., from the levy and assessment of school taxes upon its property situate in Manor Township, Armstrong County, Pa.

The facts in this case are not in dispute. Certain stipulations of fact were made and, in addition thereto, upon hearing, one witness was called by the appellant. The Armstrong School District is a very large district and includes, in addition to the municipalities in Armstrong County, certain municipalities in the Counties of Clarion and Indiana. Harry M. Pollock Co., Inc., conducts a large wholesale grocery business. A large building has been constructed consisting of an office and a warehouse. The office building and part of the warehouse is in Kittanning Borough and the remainder of said warehouse is in Manor Township. There are approximately three acres of land in each of the two municipalities.

In the year 1971, the County Board of Assessment and Revision assessed the property of appellant in Kittanning Borough at $53,600 and, after a hearing on appeal, assessed the property of appellant in Manor Township at $24,950.

School directors of the Armstrong School District requested the County Board of Assessment and Revision to assess the value of appellant's property in the two districts for school purposes using the latest ratio of assessed value to market value in the municipalities as determined by the State Tax Equalization Board. Using this quotient, appellant's property in

Kittanning Borough was assessed at $64,575 and appellant's property in Manor Township was assessed at $45,365. Appellant challenges the legality of this revised assessment for school purposes.

The State Tax Equalization Board was created by the Act of June 27, 1947, P. L. 1046, 72 PS §4656.1, et seq. In Glen Alden Coal Co. v. State Tax Equalization Board, 367 Pa. 63, it was held that the Equalization Board is required to determine the market value of taxable real property in each school district and, further, that their determinations are to be used solely for the purpose of ascertaining the amount of the State subsidy for each school district and have no bearing whatever upon local taxes and that the valuation forms the basis upon which valuations for the purpose of determining the amounts of Commonwealth subsidies shall be determined. However, the Public School Code of March 10, 1949, P. L. 30 (No. 14), 24 PS §6-672, specifically changed the rule in Glen Alden by providing the method under which school taxes should be levied and assessed in order to equalize taxes for school purposes in the various school districts of the Commonwealth.

We are here concerned with the Act of July 8, 1970, P. L. 449 (No. 154), 24 PS §6-603, et seq. This act amends the School Code "providing an alternative way of equalizing tax levies in school districts crossing municipal lines." It provides, inter alia, as follows:

§672.1. School districts lying in more than one county or in more than one municipality; limitation on total tax revenues.

"(b) [W]henever a school district shall lie in more than one county the board of assessment and revision of taxes in any of the counties or all of the counties in which the school district is located shall, at the request of the school directors of the district, furnish the

market value of each parcel of property on the tax roll required to be furnished to the school directors under any assessment law of the Commonwealth. The market value of each parcel shall be the quotient of the assessed value divided by the latest ratio of assessed value to market value in the municipality as determined by the State Tax Equalization Board."

Section 17 of the Act of June 27, 1947, P.L. 1046, which creates the State Tax Equalization Board, provides as follows:

"Nothing contained in this act shall be construed to change or affect the validity of the assessed valuation of any real property for the purpose of levying taxes by any political subdivision."

Appellant contends that this provision in the Act of June 27, 1947, forbids the use of any information obtained by virtue of the State Tax Equalization Board for assessed valuation purposes citing: LaRose Dwellings, Inc. v. Allegheny County Board of Property Assessment, 205 Pa. Superior Ct. 587, 211 A.2d 104; Schenley Land Co. v. Allegheny County Board of Property Assessment, 205 Pa. Superior Ct. 577, 211 A.2d 79; Pittsburgh Miracle Mile Town & Country Shopping Center, Inc. v. Board of Property Assessment, 417 Pa. 243, 209 A.2d 394.

The answer to this position is that the Public School Code has provided otherwise and has provided a complete method for determining taxes for school purposes and, therefore, the cases cited are inapposite and not controlling. These cases are concerned with appeals from tax levies and assessments for municipalities other than school districts.

Appellant asks in its brief that the court direct the school board to hold a hearing and determine the value of the properties in question or that the tax be assessed on the assessed valuation of the taxpayer's property as determined by the chief assessor for the county

and other municipalities. As to the first request, the school board has no right to determine the value of the property in question and, in fact, it has been determined by the County Board of Assessment and Revision. The second request is that we nullify the provision of the school board relating to assessment of properties for school purposes. This court is without authority to grant either request.

Appellant complains that the evaluation placed upon the Manor Township property is excessive. No notice was given of the change in the assessed valuation for school purposes until the tax notice was received and, therefore, no opportunity was given to complain to the County Board of Assessment and Revision or any other person. The assessed valuation of the Manor Township property arrived at by the county board was $24,950 and this was increased for school purposes to the amount of $45,365. The assessed valuation upon the Kittanning Borough property by the county board was $53,600 and for school purposes it was placed at $64,575. It is here noted that the aforesaid valuations were placed upon the same building which was in both municipalities. The acreage is substantially the same in each municipality. It is obvious that the ratio of the State Tax Equalization Board for Manor Township caused proportionately a much higher valuation upon the Manor Township property. Appellant called one witness who testified as to the fair market value of the property as a whole. This was placed at the sum of $215,000. We have computed the fair market or actual value placed upon these two properties by the taxing authorities at $219,870 or $4,870 in excess of the only testimony we have relative to this matter. Because of the great disproportionate increase in the changed evaluations and the fact that values are largely placed upon the building itself, we conclude that there is an obvious

6

inequity in the two valuations. The evaluation of the Manor Township property is almost doubled with a far less percentage increase in the value of the Kittanning Borough property. We, therefore, conclude that a great inequity has resulted which this court should correct. After considering all of the evidence in the case, we conclude that the evaluation placed upon the Manor Township property should be reduced in the sum of $2,500 and we accordingly find that the property evaluation of the Manor Township property for the imposition of school taxes should be $42,865. This determination is to be considered only for this present action and is to have no effect upon any future evaluations, since the school district has determined to use the county ratio of the State Tax Equalization Board instead of municipalities.

## ORDER OF COURT

And now, September 26, 1973, the assessed valuation of the property of Harry M. Pollock Co., Inc., situate in Manor Township is now fixed at $42,865 and the millage rate as determined by the school district shall be used in determining the amount of taxes due upon said property.

Finished 11:35 p.m.