Westinghouse Electric Corp., Appellant *v.* Board of Assessment Appeals, Formerly Known as Board for Assessment and Revision of Taxes of Delaware County, Pa., Appellees.

Westinghouse Electric Corp. *v.* Board of Assessment Appeals, Formerly Known as Board for Assessment and Revision of Taxes of Delaware County, Pa. Interboro School District, Appellant.

Argued April 6, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Gordon W. Gerber,* with him *John P. Trevaskis,
Jr., Mark A. Klugheit,* and *Dechert, Price & Rhoads,*
for Westinghouse Electric Company.

*Edward J. Carney, Jr.,* with him *Petrikin, Well-
man, Damico & Carney,* for Interboro School District.

OPINION BY JUDGE WILKINSON, JR., May 20, 1977:
These are cross-appeals from an order of the Dela-
ware County Court of Common Pleas fixing the real

property assessment of the taxpayer's industrial property. The cross-appeals raise two basic issues. In one appeal the taxpayer asserts that the common pleas court set a ratio of assessment to market value that was too high and was not supported by the evidence. In the other appeal an intervening taxing authority asserts that the common pleas court fixed a market value that was too low, being unsupported by sufficient credible and competent evidence and being against the weight of the evidence. Also, in the intervening taxing authority's appeal, it assigns as reversible error the refusal of the trial court to admit "an analysis of Westinghouse's assessment from the period 1967 to date." We affirm the trial court on both appeals.

With regard to the fixing of the ratio of assessment to market value, the taxpayer offered extensive evidence of a competent expert that the median ratio of all assessments to market value was 9.3 per cent. In lieu of having the taxing authorities produce a qualified expert to testify as to ratio, the parties entered into the following stipulation:

Mr. Trevaskis [Attorney for taxpayer]: Further, Mr. Nolan and I have entered a stipulation. It indicates that had a qualified expert appeared and testified for the taxing authorities, at the request of the taxing authorities, at the hearing of this case, such expert would have testified that the ratio of assessed value to market value in Delaware County in the tax year 1976 is 15 per cent.

And, it is further stipulated that the Court may consider said 15 per cent ratio.

And, this stipulation is part of the evidence in this case.

The trial court had before it the testimony of two qualified experts—one live and one phantom. The tax-

payer would have us say as a matter of law the live expert is to be believed and the phantom stipulated expert is to be disregarded. This would be against the above quoted stipulation of the parties themselves, as stated by one of the attorneys for the taxpayer, that the court may consider the stipulated ratio of 15 per cent. If the trial court could properly consider the ratio, it is certainly proper to accept it if his judgment so dictates.

With regard to the sufficiency, competency and weight of the evidence supporting the market value found by the trial court, we find in excess of 600 pages of record of the two days of hearings. The testimony was presented by two qualified experts for the taxpayer and one qualified expert for the taxing authorities. This record amply supports the trial courts determination. The taxpayer's experts testified to a market value of $12,496,000. and $12,900,000., respectively. The taxing authorities' expert testified to a market value of $25,239,000. The court made a finding of market value of $18,750,000. Certainly the able trial judge was in the best position to evaluate the testimony of each witness and considering all the exhibits conclude that the true value was somewhere "in between."

The final question for disposition is the question of whether it was reversible error to exclude the analysis of the prior assessments. We think not. The actual prior assessments were admissible. *Pennsylvania's Northern Lights Shopper City, Inc. Appeal,* 419 Pa. 31, 213 A.2d 268 (1965). In fact, they are in the record. There is no basis for holding that it was reversible error to exclude an analysis of them.

Accordingly, we will enter an order affirming the opinion of the trial court.

### Order

Now, May 20, 1977, the order of the Court of Common Pleas of Delaware County at No. 75-19490, dated July 13, 1976, fixing the fair market value of the taxpayer's property at $18,750,000., the ratio of assessment to market value at 15 per cent, and the assessment for the year 1976 at $2,812,500 is affirmed.

### Order

Now, May 20, 1977, the order of the Court of Common Pleas of Delaware County at No. 75-19490, dated July 13, 1976, fixing the fair market value of the taxpayer's property at $18,750,000., the ratio of assessment to market value at 15 per cent, and the assessment for the year 1976 at $2,812,500 is affirmed.