In re: Appeal of Hoffman Tire, Inc. and Upper Hanover Township Industrial Development Authority from a determination of the real estate assessment for the tax year 1974. Hoffman Tire, Inc. and Upper Hanover Township Industrial Development Authority, Appellants.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Jules Pearlstine,* with him *Edward J. Hardiman,* and *Pearlstine, Salkin, Hardiman and Robinson,* for appellants.

*Andrew B. Cantor* and *Joseph A. Smyth,* Assistant County Solicitor, with them *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellees.

OPINION BY JUDGE WILKINSON, JR., May 19, 1978:

Appellants, Hoffman Tire, Inc. and Upper Hanover Township Industrial Development Authority, seek review of the dismissal by the Montgomery County Court of Common Pleas of an appeal of a real estate tax assessment by the Montgomery County Board of Assessment Appeals (Board). Appellees herein are the Board, Montgomery County (County), Montgomery Township (Township) and the North Penn School District. We affirm the decision of the court below.[1]

---

[1] Following the decision of the court, appellants filed a petition for a rehearing with the lower court for the purpose of showing that the data used by Dr. Shenkel is identical to that in county records. However, since appellants had to perfect their appeal to this Court of the August 27, 1976 order within 30 days, appeal was made to this Court on September 21, 1976. The next day the lower court granted the petition for a rehearing and appellants then filed a request for a remand with this Court. This request was denied in an order by President Judge BOWMAN in an order dated December 2, 1976.

Appellants are the equitable and legal owners of a 22.37 acre tract of industrial property located in the Township which was assessed by the Board at $500,-000 as of July 1, 1974. Appellants unsuccessfully challenged this assessment before the Board and then sought relief from the lower court. By stipulation of counsel the only issue before the court was whether the assessment ratio of 24.37 per cent for the property (based on the $500,000 assessed valuation and an agreed market value of $2,080,000) was comparable to the common level ratio of the county as a whole. Appellants' witness, Dr. William M. Shenkel, a real estate tax expert, testified that he performed a statistical analysis of 10,734 real estate sales in the county for the 1974 calendar year reported in the 27th Annual Certification of the Pennsylvania State Tax Equalization Board's (STEB) "1974 Market Values by School Districts by Municipalities" to determine the common level assessment ratio in the county. On the basis of this study Dr. Shenkel testified that the median average assessment ratio for 1974 was 14.5 per cent and the arithmetic mean average was 16.4 per cent. He further testified that the list of sales was obtained from the STEB rather than the county because the STEB report was more complete. On cross-examination, Dr. Shenkel admitted that he had used some STEB determinations that certain sales were not bona fide arm's length transactions as well as excluding and accepting other sales in the study based on his own analysis. Counsel for appellees moved to strike this testimony on the ground that it is inadmissible under Section 17 of the Act of June 27, 1947 (Act), P.L. 1046, *as amended,* 72 P.S. §4656.17 and that his use of sales occurring during the 1974 calendar year was improper in determining the validity of an assessment made during that year. The court below dismissed the ap-

peal finding that Section 17 precluded the use of data obtained from the STEB in a challenge to a tax assessment, but held that sales from the 1974 calendar year could be utilized in determining the common level assessment ratio.

The only error on appeal here is that the lower court erred in holding Section 17 of the Act renders all information obtained from the STEB inadmissible in a local tax appeal, including data submitted by the county to the STEB.

Section 17 of the Act provides that "[n]othing contained in this act (created for the purpose of equalizing state school subsidies) shall be construed to change or affect the validity of the assessed valuation of any real property for the purpose of levying taxes by any political subdivision." Since a challenge by a taxpayer is an attempt to change or affect the taxes levied in a local subdivision our Courts have held that Section 17 prohibits the findings or reports of the STEB from being admitted into evidence in a tax assessment appeal. *See La Rose Dwellings, Inc. v. Allegheny County Board of Property Assessment,* 205 Pa. Superior Ct. 587, 211 A.2d 104 (1965); *Schenley Land Co. v. Allegheny County Board of Property Assessment,* 205 Pa. Superior Ct. 577, 211 A.2d 79 (1965). As this Court stated in *Pittsburgh Miracle Mile Town and Country Shopping Center, Inc., Tax Appeals,* 6 Pa. Commonwealth Ct. 187, 294 A.2d 226 (1972), we will adhere to these rulings absent legislative action or a Supreme Court ruling.

Appellants, however, contend that *LaRose, supra,* and *Schenley, supra,* are not dispositive of the issue presented here. They assert this case is distinguishable because the only data used by Dr. Shenkel to determine the ratio of assessment in the County to market valuations were sales figures supplied by the

County. Thus, appellants would distinguish *LaRose* and *Schenley* because these cases involved attempts to use the actual ratios of assessed to market valuations made by the STEB. We do not agree that such a distinction is proper. As appellants themselves have pointed out, Section 9 of the Act, 72 P.S. §4656.9, requires that county tax assessment boards submit monthly reports to the STEB of real estate transfers in the county. It is by virtue of this section of the Act and the information required to be submitted pursuant thereto that appellants base their challenge to the assessment. Thus, it would appear that the information obtained by the STEB by reason of the Act falls within the blanket prohibition of Section 17 in the same manner as any other data maintained by the STEB pursuant to the Act. The bar to the use of STEB information is without any qualification or exception, manifesting a legislative intent that no STEB provision or information may be used to attack local assessments. Moreover, the testimony of Dr. Shenkel indicates that at least to some degree he did in fact use some findings and determinations made by the STEB in conducting his survey and verifying the results.

Since we find the lower court properly dismissed the appeal on the basis of the exclusion of STEB data to determine a common level ratio, we need not address the question of whether a taxpayer may attack an assessment by the use of sales data obtained for the calendar year during which the assessment was made.

Accordingly, we will enter the following

ORDER

AND NOW, May 19, 1978, the order of the Court of Common Pleas of Montgomery County at No. 75-06140 dated August 27, 1976 is hereby affirmed.