In Re: Appeal of the Township of South Whitehall, a Municipal Corporation and First Class Township, From the Decisions of the Board of Assessment Appeals of the County of Lehigh, Commonwealth of Pennsylvania. Holiday Inns, Inc., Appellant.

In Re: Appeal of the Township of South Whitehall, a Municipal Corporation and First Class Township, From the Decisions of the Board of Assessment Appeals of the County of Lehigh, Commonwealth of Pennsylvania. Laneco, Inc., Appellant.

Argued September 27, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, DISALLE and CRAIG. Judges ROGERS and MACPHAIL did not participate.

*James L. Weirbach,* for Laneco, Inc.

*Anthony R. Thompson,* with him *McGee and Thompson,* for Holiday Inns.

*J. Jackson Eaton, III,* with him *Butz, Hudders & Tallman,* for Township of South Whitehall.

*Alfred K. Hettinger,* for County of Lehigh, Board of Assessment Appeals.

OPINION BY JUDGE WILKINSON, JR., November 17, 1978:

These cases involve tax appeals of real estate assessments by the property owners (taxpayers herein), Holiday Inns, Inc. at No. 1895 C.D. 1977 and Laneco, Inc. at No. 2111 C.D. 1977, from orders of the Court of Common Pleas of Lehigh County. Since common issues of law are involved, the appeals have been consolidated for the purposes of argument. For reasons set forth, we affirm the orders of the court of common pleas.

In August 1975 the Township of South Whitehall (Township) filed several challenges to assessments with the Board of Assessment Appeals (Board), al-

leging errors in market value determinations. The challenged assessments had been established in a county-wide reassessment program completed in 1974 and implemented by the county for the 1975 tax year, with a fixed ratio for assessment purposes of 50 per cent of actual value. Pursuant to these appeals, the Board made revised assessments, all of which were accepted by the Township except the two at issue here. On appeal of these two cases to the court of common pleas, the Township again raised the issue of market value; the taxpayers introduced countervailing testimony on this issue and also raised the issue of the uniformity of the assessment ratio. The evidence on uniformity of the assessment ratio consisted of testimony by a real estate appraiser and a computer systems analyst concerning a study conducted by them of recent real estate transfers in the county. The data for this study was obtained from the county's report to the State Tax Equalization Board (STEB), purchased by the taxpayers from the Lehigh County Computer Center. According to the systems analyst, a statistical analysis of arm's length transactions (identified in the STEB report by the real estate appraiser) showed the average assessed ratio to be 36.6 per cent of actual market value. The Township objected to the introduction of this evidence based on the prohibition of Section 17 of the Act of June 27, 1947 (Act), P.L. 1046, *as amended*, 72 P.S. §4656.17. The trial court, however, considered this evidence, but concluded that, in light of the county-wide reassessment and establishment of a fixed ratio, the taxpayers failed to carry their burden of showing lack of uniformity.

Since the issue of market value relates only to the appeal of Holiday Inns, Inc., we will deal with it initially. The record shows the property is a motel complex on a 25-acre tract of land in the Township, con-

taining 294 rental units, a restaurant and a cocktail lounge, swimming pool and several auxiliary buildings. A market value of $2,198,340 was originally placed on the property for the 1975 tax year; this value was subsequently increased to $2,222,480 by the Board. At the hearing before the trial court the Township's expert witness estimated the market value of the property at $4,300,000; the taxpayer's appraisal witness estimated its value at $2,800,000. The trial court concluded that the fair market value of the property for tax purposes in 1975 was $3,700,000.

On appeal to this Court, the taxpayer alleges the trial court erred as a matter of law in considering the value of another motel, known as Holiday Inn East, in an adjacent county as a "comparable sale," since the sale also included the transfer of personalty, a state liquor license and a franchise. We find both from a reading of the record of the testimony concerning the sale as well as the opinion of the court below that this contention is without merit. The Township appraiser testified not only as to the total sale price of the other motel but also separated these items not connected with the realty in determining the market value of the property, as compared with the sale of an ongoing business. This testimony related to the sale of a 195-unit motel in 1972 for $3,107,322.28 of which the appraiser indicated $107,322.28 constituted nonrealty items. In addition the court heard detailed testimony from both the Township's and the taxpayer's appraisers concerning the valuation of motels for realty tax purposes. Given such evidence we are unable to conclude the trial judge's determination of true market value was in error. Where conflicting testimony is received as to the market value, the trial court, as judge of the credibility of the evidence, may properly find that true value lies somewhere between the valuations estimated by the experts for the par-

ties. *See Westinghouse Electric Corp. v. Board of Assessment Appeals*, 30 Pa. Commonwealth Ct. 264, 373 A.2d 766 (1977).

On the consolidated issue, the taxpayers have raised a number of questions regarding the trial court's treatment of its evidence concerning the common level assessed ratio in the county. However, we must agree with the Township that this evidence was inadmissible by reason of Section 17 of the Act which provides, "[n]othing contained in this act [for the purpose of equalizing state subsidies to school districts] shall be construed to change or affect the validity of the assessed valuation of any real property for the purpose of levying taxes by any political subdivision." In *Appeal of Hoffman Tire, Inc.*, 35 Pa. Commonwealth Ct. 395, 387 A.2d 134 (1978), decided after the trial court's decision in these cases, this Court held that records of sales transactions submitted by the county to the STEB are inadmissible in a local tax assessment case by reason of Section 9 of the Act, 72 P.S. §4656.9, requiring county tax assessment boards to submit such records to the STEB and the express prohibition of Section 17. As this Court stated in *Hoffman, supra* at 399, 387 A.2d at 136, "The bar to the use of STEB information is without any qualification or exception, manifesting a legislative intent that no STEB provision or information may be used to attack local assessments."

Appellants have urged us to distinguish *Hoffman, supra,* because the taxpayers here obtained the county's records directly from the county rather than the STEB. We are unable to discern any difference in light of the express prohibition of Section 17. The computer printout purchased from the county and offered into evidence by appellants was titled "Report to the State Tax Equalization Board." It was prepared by the county pursuant to the mandate of Sec-

tion 9 of the Act for the purpose of submission to the STEB. Under these circumstances we must conclude the distinction is without substance.

Accordingly, we will enter the following

ORDER

AND Now, November 17, 1978, the orders of the Court of Common Pleas of Lehigh County, at No. 363 January Term, 1976, dated August 25, 1977, fixing the 1975 assessment of the Holiday Inns, Inc. property at $1,850,000 and the 1975 assessment of the Laneco, Inc. property at $745,150, both representing a ratio of 50 per cent assessed to market value, is hereby affirmed.