## Shoup v. Board of Assessment Appeals

*George E. Pierce, Jr.*, for plaintiff.
*Martin J. King*, for defendant.

RUFE, *J.*, June 29, 1981—Pursuant to stipulations of the parties the following issue is before the court for disposition in accord with the provisions of B.C.R.C.P. *266, to wit: whether a regulation promulgated by the Board of Assessment Appeals of Bucks County (board) which requires the production of copies of leases for tax assessment appeals involving commercial or industrial property is valid. The answer must be in the affirmative.

Plaintiff initiated this action by filing a complaint in equity against the above captioned defendants. In his complaint, plaintiff prayed for an injunction, prohibiting the board from enforcing certain rules and regulations adopted by the board and made effective on August 4, 1980. Pursuant to stipulations of the parties entered into on November 26, 1980, and December 11, 1980, all of the issues

raised by plaintiff's complaint were resolved, with the exception of the aforementioned issue.

Specifically, the regulation which is still at issue provides:

"D. In the event that any appeal shall involve commercial or industrial property which is subject to lease, appellant shall produce verified copies of the lease in all of its or their terms before the time and place fixed for hearing the appeal."

Failure to strictly comply with regulations D (or any of the other regulations) constitutes sufficient grounds for denial of the appeal. (Regulation E). Plaintiff contends that paragraph D of the board's regulations is unconstitutional, devoid of statutory authority and an abuse of power. We will deal with the issues seriatim.

Plaintiff first contends that the board lacked the power to impose the lease production requirement because such a requirement exceeds the board's permissible scope of power to adopt rules and regulations governing the tax assessment appeals process. This argument is clearly without merit.

The board's power to compel the production of copies of leases is derived from the Act of June 26, 1931, P.L. 1379, as amended, 72 P.S. §5349(d), which provides, inter alia: "The board shall meet for the hearing of appeals and shall continue to meet for such purpose from time to time until all appeals have been heard and acted upon. The board shall have the power to compel the attendance of witnesses and the furnishing of documents . . ." Clearly, the board has been granted the power to compel the production of documents at the tax assessment appeals hearings.

Plaintiff next contends that the board has exceeded the permissible scope of its power to compel the production of documents because there exists

an equally relevant and credible alternative to the production of leases in the form of lease digests, and income and expense statements. According to plaintiff, this alternative method of proof renders the board's regulation unlawful, unreasonable and burdensome. However:

"It is well established that duly authorized and promulgated regulations of an administrative agency have the force of law and are binding on the agency and others. [Citation omitted.] Furthermore, the establishment of these regulations involves agency discretion, and the Court will not disturb administrative discretion in the absence of fraud, bad faith or abuse of power. [Citation omitted.] The scope of review of an administrative regulation is therefore limited to a determination of whether or not there has been a clear abuse of discretion or a clearly arbitrary action . . ."

Savko v. Com., Department of Public Welfare, 47 Pa. Commonwealth Ct. 168, 171-172, 407 A. 2d 152, 154 (1979). We are unable to conclude that there has been a clear abuse of discretion or an arbitrary action, and we will not substitute our judgment for that of the board.

Next, plaintiff advances the argument that the board's regulation D "is contrary to the legislature's overriding and overall intent to create a speedy, efficient, inexpensive and informal tax appeal" process because the board has imposed additional conditions on the taxpayer's right to appeal. Specifically, plaintiff contends that the sole condition created by the legislature for aggrieved parties who wish to appeal to the board is that appellant must appeal in writing on or before September 1, setting forth the challenged assessment and the address to which notice of the hearing should be sent, 72 P.S. §5349(c). Therefore, the board has no power to im-

pose additional conditions on the taxpayer's right to appeal. However:

"'[T]he authority of a public administrative agency ordinarily includes the power to make or adopt rules and regulations with respect to matters within the province of such agency, provided such rules and regulations are not inconsistent with law. In exercising its power, an administrative body may adopt or make only such rules and regulations as are necessary and reasonable and it may not act arbitrarily . . . [but] the exercise of [its administrative] discretion is not without some limitation. . . .

"'. . . The power of such an agency to prescribe rules and regulations under a statute is only a power to adopt regulations to carry into effect the will of the Legislature as expressed by statute . . .'"

Pennsylvania Association of Life Underwriters v. Com. Department of Insurance, 29 Pa. Commonwealth Ct. 459, 461, 371 A. 2d 564, 565-566 (1977), affirmed 482 Pa. 330, 393 A. 2d 1131 (1978).

We are unable to find that Regulation D exceeds the legislature's mandate, or that the regulation represents the unlawful imposition of an additional burden to the taxpayer in his quest for an assessment appeal. Section 5349(d) allows the board to compel the production of documents and we have already held the board has the power to compel the production of leases at its hearings. It would be a meaningless rule indeed if the board could not impose sanctions on a party who did not comply with its regulations. Accordingly, we find that Regulation D does not violate the legislature's will and it was within the board's power to promulgate the rule.

Plaintiff attacks Regulation D as being contrary to section 554 of the Local Agency Law, 2 Pa.C.S.A.

§ 554, which provides: "Local agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value *may* be received . . ." (Emphasis supplied.) However, it is clear from the language of this provision that the legislature has afforded local agencies discretion in the area of the admissibility of evidence. In the instant case, the board has exercised its discretion toward the adoption of more formal evidentiary requirements. We will not disturb their decision.

Plaintiff also claims that the board is compelled to accept any evidence presented by a taxpayer that is relevant and credible. To buttress this proposition, plaintiff relies on the cases of LaRose Dwellings, Inc. v. Allegheny Co. Board of Property Assessment, 205 Pa. Superior Ct. 587, 211 A. 2d 104 (1965), and Wilson v. Philadelphia Board of Licenses & Inspections Review, 16 Pa. Commonwealth Ct. 586, 329 A. 2d 908 (1974). In LaRose the court wrote: "Where the taxpayer's proof is relevant and credible, it must be given due weight and cannot be ignored by the court." LaRose Dwellings, Inc., supra, at 591, 211 A. 2d at 106. However, the LaRose court was dealing specifically with the issue of whether the assessment rate on the appellant's property was uniform with the rate of comparable properties in the district. The court's pronunciation vis-a-vis admissibility dealt only with that question in the context of the uniformity issue. The court gave no indication that this rule had general application in tax assessment appeals.

In Wilson, the court reversed the Philadelphia Board of License and Inspection Review after that tribunal committed several errors of law. In doing so the court wrote, section 554 of the local Agency Law "clearly establishes that '[l]ocal agencies shall

not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received.' . . . This non-restrictive standard favoring the admission of evidence is to be applied uniformly within proceedings and among proceedings." Wilson, supra, at 590, 329 A. 2d at 910-911. The operative word in this quotation is "uniformly." The board in Wilson was not reversed for, as plaintiff suggests, being overly restrictive in its admission of evidence, but for varying its standard of admissibility. Consequently, we cannot find that the board in the instant case is compelled to admit all evidence which can be deemed relevant and credible as long as evidence is admitted in a uniform manner.

We turn now to plaintiff's constitutional challenges. Preliminarily, plaintiff claims that Regulation D violates Article VIII, § 1, of the Pennsylvania Constitution which provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Plaintiff's reliance on this constitutional provision is misplaced. "In order to be uniform within the meaning of the Pennsylvania Constitution, [a] tax must be applied with uniformity upon similar kinds of businesses or property and with substantial equality of tax burden upon all members of the same class." Donelly v. Borough of Media, 23 Pa. Commonwealth Ct. 115, 119, 351 A. 2d 299, 302 (1976). In the instant case, plaintiff has complained that Regulation D has created a subclass of industrial and commercial property, whereby such property owners are required to expend greater amounts to effect a property tax assessment appeal. However, there is no indication that such property owners will be required to bear

any more than their share of the tax burden with other members of the same class. Clearly, then, the Pennsylvania Constitution's unity provision is not applicable.

Next, plaintiff challenges Regulation D on the basis that it violates the equal protection rights of corporate taxpayers because it imposes greater burdens upon corporations in bringing tax assessment appeals than are imposed upon noncorporate taxpayers. This argument is devoid of merit. First, Regulation D requires the production of leases by commercial and industrial property owners. We have no evidence before us that the owners of those classes of property are exclusively corporations. Second:

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. . . . A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

McGowan v. Maryland, 366 U.S. 420, 425, 81 S. Ct. 1101, 1105, 6 L.Ed. 2d 393, 399 (1961). We hold that Regulation D rests on the need of the board to ascertain the income producing capacity of each industrial or commercial property during tax assessment appeals. For that reason, we find that any discrimination which may exist (we hold that none does) is not a violation of the due process of corporate taxpayers.

Finally, plaintiff claims that the board's resolution unlawfully interferes with his right to practice

his profession. Plaintiff correctly points out that "the right to engage in one's profession is a liberty interest protected by the Fourteenth Amendment." Plaintiff's brief citing, inter alia, Truax v. Rauch, 239 U.S. 33, 36 S. Ct. 7, 60 L.Ed. 131 (1915). The plaintiff also observes that without a necessary and compelling state interest a regulation which impinges upon a fundamental right is unconstitutional: Shapiro v. Thompson, 394 U.S. 618, 89 S. Ct. 1322, 22 L.Ed. 2d 600 (1969).

Plaintiff then concludes that because Regulation D impacts on his business, the board must bear the burden of justifying the regulation: Pirillo v. Takiff, 462 Pa. 511, 341 A. 2d 896 (1975), reinstated 466 Pa. 187, 352 A. 2d 11 (1975), cert. denied and appeal dismissed, 423 U.S. 1083, 96 S. Ct. 873, 47 L.Ed. 2d 94 (1976). With this we cannot agree. The constitutional prohibition against a regulation impinging on a fundamental right obtains only when the regulation directly impinges on that right. See Shapiro, supra (dealing with a statute denying welfare assistance to persons who had not resided in the jurisdiction for at least one year); and Pirillo, supra. In the instant case, Regulation D is not a direct interference with plaintiff's ability to engage in its profession, but impacts on plaintiff in a tangential manner. Consequently, this argument must also fail.

In conclusion, we find that the board has the authority to compel the production of documents at its hearings, and the board did not transcend the limits of its authority by promulgating Regulation D, which requires the production of all leases in any appeal involving commercial or industrial property which is subject to lease. Further, we find that Regulation D has no constitutional infirmity. However, we would like to add this final comment. In

his brief, plaintiff described the following hypothetical situation: A commercial property (e.g., a shopping mall) has 100 tenants each of whom lease their property pursuant to a lease 100 pages in length. In order to appeal a tax assessment, the owners of that property would have to produce 10,000 pages which at a cost of $.10 per page, would cost $1,000, when only five to ten pages of each lease would be pertinent to the appeal. While we held that it was within the province of the board to require the production of all of the leases, we would hope that common sense would prevail, and in situations like the one described, the board would only require information relevant to the tax assessment appeal, saving both the property owner and itself much cost and duplication of effort.

### ORDER

And now, June 29, 1981, upon consideration of plaintiff's motion to invalidate the board's lease submission requirement (Regulation D) and the parties' briefs submitted pursuant thereto, it is hereby ordered and decreed that the motion is overruled, denied and dismissed.