Joseph C. Dougherty, Petitioner *v.* Common-wealth of Pennsylvania, Department of Public Welfare, Lackawanna, Susquehanna and Wayne Mental Health and Mental Retardation Program, Respondents.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Joseph J. O'Brien, Jr., Haggerty & McDonnell,* for petitioner.

*Howard Ulan,* Assistant Attorney General, for respondent, Pennsylvania Department of Public Welfare.

*Michael Basista,* for respondent, Lackawanna, Susquehanna and Wayne Mental Health and Mental Retardation Program.

OPINION BY JUDGE WILLIAMS, JR., September 23, 1981:

The Department of Public Welfare (DPW) dismissed, as untimely, the appeal of Joseph C. Dougherty from the assessment of his liability for the care of his minor child pursuant to the Mental Health and Mental Retardation Act of 1966 (Act).[1] Dougherty has filed a petition for review with this Court, urging that DPW's dismissal of his appeal was improper.

On June 8, 1978, the appropriate Base Service Unit issued to the petitioner an assessment of his liability, under the Act, for services provided to his eight-year-old son at St. Joseph's Hospital in Scranton, Pennsylvania. The liability was assessed at $228 a month, for the period from June 8, 1978 to June 7, 1979; this sum represented an increase over the previous liability. On June 23, 1978, the petitioner requested DPW to abate the assessment, contending that he was financially unable to meet it. Upon reviewing the assessment DPW sent a letter to petitioner informing him that his liability was to be imposed in two steps: $114 a month for the first six months of the assessment period, and $228 a month for the second six months of the period. This letter also advised the petitioner of his right to appeal the assessment by submitting a written request for a fair hearing to the Secretary of Public Welfare within 30 days. The letter from DPW was dated August 14, 1978, and was sent to the petitioner by regular mail.

By letter dated September 20, 1978, the petitioner appealed the assessment by requesting a fair hearing.

[1] Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §§4101 *et seq.*

A hearing was held on January 10, 1979, on which occasion petitioner was afforded the opportunity to present testimony and argument in support of his position. It was the petitioner's contention, at the hearing, that his assessment should be abated or further modified because it created a financial hardship.[2] He also asserted that the DPW regulations governing the computation of his income and expenses were unsound.

After concluding that the assessment was computationally correct, the Hearing Examiner in his adjudication declined to consider the merits of the petitioner's claim for further relief from liability. The Examiner refused to decide the issue of abatement or further modification, because the petitioner's appeal from the assessment decision of August 14, 1978 had not been appealed within 30 days, as the DPW letter of that date instructed, and as DPW regulation 5405.3 prescribes.[3] The petitioner's administrative appeal was not filed until the 37th day; for that reason the Examiner entered a recommendation that the appeal be dismissed for untimeliness. On March 8, 1979, DPW adopted that recommendation and entered it as the agency's order. The instant petition for review followed.

DPW regulation 5405.3 sets forth the procedure for appealing, to the Secretary of Public Welfare, from a decision that has been entered on a request for review of an assessment determination or for an abatement or modification of liability. As already indicated, under this regulation such an appeal must be taken within 30 days of the decision. The instant petitioner does not contend that he met the 30-day limitation; nor does he contend that he received the Au-

---

[2] In other words, the petitioner felt that his liability should be abated *totally* or reduced more substantially than the August 14, 1978 decision allowed.

[3] 6 Pa. B. 2398 (1976).

gust 14, 1978 decision on a date that impeded a timely appeal to the Secretary of Public Welfare. Instead, the petitioner asserts that the tardiness of his appeal should have been excused because DPW itself violated a requirement of the regulation here involved.

Regulation 5405.3, in addition to fixing the appeal period, also directs that DPW's notice of decision *"must be given by certified mail, return receipt requested."* (Emphasis added.) DPW concedes that it did not comply with the express terms of the regulation: The decision notice of August 14, 1978 was admittedly sent to petitioner Dougherty by *regular mail,* instead of by certified mail, return receipt requested, as the regulation prescribes.

Because of DPW's own apparent deviation from regulation 5405.3, the petitioner argues to this Court that the agency was "estopped" from enforcing as to him the regulation's time limitation. Put differently, he argues that DPW's breach of the regulation worked a "waiver" of the appeal period, in his case.

This Court has held that where an applicable time limit has been set forth during which an administrative appeal must be taken, a late appeal will not be permitted unless there is a showing that fraud, duress, or coercion was responsible for the delay. *Zani v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1979). Even if we were to deem DPW's particular deviation from the regulation as being the "equivalent of fraud," it is difficult to imagine how that deviation was *responsible* for the petitioner's delay in appealing: especially since he makes no contention that the notice was not delivered to him on a date that permitted a timely appeal.

At the hearing the Examiner inquired as to the reason for the tardy appeal. The petitioner's closest approach to an answer was that he "may have mislaid" the notice. That explanation hardly constitutes a

showing of fraud, duress, or coercion as to permit a late appeal. In that regard, we find speculative, if not strained, the petitioner's assertion that his attention would have been more readily captured had the DPW notice been sent by certified mail. Given our holding in *Zani*, we must conclude that no basis has been shown for allowing the petitioner's late appeal.

It is true that the DPW regulation here involved has the force of law, and is as binding on that agency as on others. *Savko v. Department of Public Welfare*, 47 Pa. Commonwealth Ct. 168, 407 A.2d 152 (1979). And, certainly, DPW's desire to reduce postage expenses cannot justify that agency's deviation from its own regulation.[4] We do not approve of an agency, such as DPW, failing to strictly pursue its own notice regulation; and, circumstances can be envisioned that could render such a failure fatal. But such circumstances do not exist in the case before us.

Although there is a facial anomaly in enforcing against the petitioner the very regulation which DPW has ignored, the central fact remains: there was no cause and effect relationship between the agency's omission and the tardiness of the petitioner's appeal. The timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act. *Coshey v. Beal*, 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976). In the absence of a legally sufficient excuse, a late appeal is beyond a tribunal's jurisdiction. *See, e.g., Grossman v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 290, 400 A.2d 910 (1979); *Duggan v. Environmental Hearing Board*, 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974).

For the reasons set forth, the order appealed from is affirmed.

---

[4] The reason advanced by DPW to support its deviation from the regulation.

ORDER

AND Now, the 23rd day of September, 1981, the Order of the Department of Public Welfare in the above matter, dated March 8, 1979, is affirmed.