554 A.2d 163

Blair Christian Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs September 13, 1988, to President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Karen L. Steele, Leopold, Eberhardt, Goldstein, Heslop & Steele*, for petitioner.

*Howard Ulan*, Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, February 6, 1989:

Blair Christian Home (Petitioner) a personal care boarding home, has petitioned for our review of an order entered by the Acting Director of the Office of Hearings and Appeals (OHA) of the Department of Public Welfare (DPW). Without reaching the merits, we reverse.

Petitioner was cited by a DPW inspector for violations of a regulation requiring that personal care home residents be independently mobile or semimobile.[1] Petitioner was issued a provisional license as a result of these violations, and it appealed.

Hearings were held before a hearing attorney designated by the DPW to take testimony. On November 24, 1987, the hearing attorney rendered a decision[2] in favor of the Petitioner. This decision was reversed by the Acting Director of the OHA on December 29, 1987. Petitioner promptly[3] filed a request for reconsideration of this order, in which it specifically challenged the right of the OHA to reject the hearing attorney's decision beyond the ten-day period following its entry. On January 28, 1988, Petitioner filed its appeal to this Court from the OHA order.[4]

The threshold issue which we must address is whether the hearing attorney's decision became final ten days after it was entered because of the OHA's failure to reject it within that period. Petitioner's argument is based upon the following uncodified regulation of the DPW, found in 7 Pa. B. 3267-3270 (1977):

§9003.13.3 Optional Review by the Secretary.

The decision of the hearing officer is subject to reversal by the Secretary or his designee, the Executive Director of the Hearing and Appeals Unit.

---

[1] *See* 55 Pa. Code §2620.21(d). The definitions of "independently mobile resident" and "semimobile resident" are set forth in 55 Pa. Code §2620.3.

[2] The hearing attorney entitled his decision an "Adjudication." The adjudication was accompanied by a "Recommendation" which provided: "It is hereby Recommended that the appeal be sustained."

[3] The request for reconsideration is dated December 31, 1987. It was received by the OHA on January 5, 1988.

[4] On that same date, the Secretary of the DPW denied the request for reconsideration.

After a decision by the hearing officer and before the decision becomes final, the appellant will not be afforded an opportunity to submit any oral or written statements of his position to the Secretary.

No findings of fact made by the hearing officer will be subject to reversal; however, the Secretary may return the case to the hearing officer for further findings of fact.

The reversal must be made within ten days from the hearing decision.

(For the sake of convenience, we shall refer to this regulation as Section 9003.13.3).

We begin by examining the DPW regulations applicable to appeals in licensure or approval cases.[5] 55 Pa. Code §20.82 provides: "The legal entity may appeal a Departmental decision specified in §20.81 (relating to decisions that may be appealed) under 2 Pa. C. S. §§501-508 and 701-704 (relating to Administrative Agency Law) and §9003 of the DPW Manual to be codified at Chapter 30." As both parties note in their briefs, Section 9003 of the DPW Manual has not yet been codified. Petitioner states in its brief that the DPW provided it with a copy of these regulations when it appealed. The DPW does not contend that Section 9003.13.3 is inapplicable to the present appeal or that the regulations themselves are no longer valid.[6]

Section 9003.13.3, set forth above, clearly provides that a hearing officer's decision is "subject to" reversal and

---

[5] We recognize that DPW has adopted different procedures for different classifications of cases. *See, e.g., Northwestern Institute of Psychiatry v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 213, 513 A.2d 495 (1986), in which the appeal procedures for providers seeking reimbursement of costs were distinguished from those of welfare recipients or applicants for public assistance.

[6] Indeed, from our research, they are still in force.

that the reversal "must be made within ten days from the hearing decision." We recognize that the hearing attorney here entered a "recommendation" and not a final order *per se*. This is in accordance with the provisions of Chapter 35 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §§35.1-35.251, which govern formal proceedings before administrative agencies. Those regulations allow agency heads to delegate officers to preside at hearings, 1 Pa. Code §35.187, and to prepare proposed reports at the conclusion of such hearings, 1 Pa. Code §35.202. Final orders are governed by 1 Pa. Code §35.226. Subsection (a) (3) of that section provides: "Final orders shall include: ... (3) Proposed reports, upon the expiration of the time provided for an appeal to or review by the agency head without the appeal or review having been initiated."

When Section 9003.13.3 and 1 Pa. Code §35.226(a)(3) are read together, the conclusion we must reach seems clear: the hearing attorney's decision became final ten days after its entry when the OHA failed to act to reverse it. While recognizing that it failed to follow its own regulation, DPW argues that Petitioner has not alleged that it was prejudiced by this failure, and, secondly, that Section 9003.13.3 is not the type of regulation which expressly provides for nullification of the administrative action.

For the former proposition, DPW relies on *Dougherty v. Department of Public Welfare*, 62 Pa. Commonwealth Ct. 15, 434 A.2d 914 (1981), a case in which the DPW failed to mail notification of its decision to the petitioner via certified mail as required by its regulation. This Court excused the obvious violation because the petitioner did not even allege that his untimely appeal resulted from the DPW's failure to comply with the regulation. He admitted to receiving the copy sent regu-

lar mail and did not allege undue delay. Rather, his failure to file a timely appeal was due to his own inadvertence. The fact that an administrative impropriety happened to coincide with the petitioner's dilatory action was not deemed an adequate excuse to allow the untimely appeal.

*Dougherty* is, of course, distinguishable. There is no coincidence of failures here. Petitioner has not attempted to use DPW's failure to act to shield itself from the consequences of any mistake of its own. Rather, it seeks to force DPW to abide by the terms of its own regulations. (As the Court in *Dougherty* noted, "DPW regulation[s] ... [have] the force of law, and [are] as binding on that agency as on others." *Id.* at 19, 434 A.2d at 916.)

For the second aspect of its argument, DPW cites *Brookline Manor Convalescent Rest Home v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 630, 492 A.2d 1207 (1985). In *Brookline,* the regulation at issue, 1 Pa. Code §35.241, provided that applications for rehearing or reconsideration were to be deemed to have been denied if the agency had failed to act upon them within thirty days. DPW attempts to distinguish that type of regulation, where the consequences of the agency's failure to act are expressly stated, from Section 9003.13,3, which merely provides that "[t]he reversal must be made within ten days ... ." This argument overlooks the effect of 1 Pa. Code §35.226(a)(3), which does spell out the consequences of the agency's failure to act: proposed reports become final orders if the time the agency allots for their review (here, ten days) expires.

In this case, because the OHA took no action within the ten-day period, we must conclude that the hearing attorney's decision then became a final order. Accordingly, the order of the OHA purporting to reverse the hearing attorney's decision was void *ab initio* and we are

required to reverse and reinstate the hearing attorney's decision.[7]

ORDER

AND NOW, this 6th day of February, 1989, the order of the Acting Director of the Office of Hearings and Appeals of the Department of Public Welfare, dated December 29, 1987, is hereby reversed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] While we recognize that this result deprives DPW of its opportunity to seek reconsideration of the final order, we note that, had it followed its own regulation, there was nothing to prevent it from doing so at the time the hearing attorney's decision became final.