641 A.2d 637

**LEMINGTON HOME FOR THE AGED, Petitioner,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1994.

Decided April 14, 1994.

Garland H. McAdoo, Jr., for petitioner.

Jeffrey P. Schmoyer, Asst. Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

McGINLEY, Judge.

This is an appeal from an order of the Office of Hearings and Appeals (OHA) of the Department of Public Welfare (DPW) which sustained the recommendation of the Attorney Examiner and denied Lemington Home for the Aged's (Lemington Home) appeal.

Prior to January 5, 1993, Lemington Home owned and operated a 34 bed nursing home in Pittsburgh. On January 5,

1993, Lemington Home closed the 34 bed facility and simultaneously moved the 33 residents to a newly constructed 180 bed facility located one-half mile away. There was no change in ownership, no change in provider contract with DPW, and no change in the Medical Assistance Program provider number.

Due to an audit by DPW, a depreciation expense of $87,291 was disallowed because Appellant failed to create a separate funded depreciation account as required. This requirement was subsequently dropped and DPW found it necessary to determine how much of the depreciation expense Lemington Home was entitled to receive. In determining these costs, DPW applied 55 Pa.Code § 1181.233,[1] which generally provides that, for facilities with less than a 90% average rate of patient occupancy (because of the addition of 146 beds Lemington Home commenced operation in the new facility with an average occupancy of 18% and at the time of the audit by DPW had an average occupancy of 47%), the number of total patient days used in computing the allowable fixed costs (e.g.

---

1. 55 Pa.Code § 1181.233 states as follows:

**Bed occupancy allowance.**
(a) A facility shall maintain an average annual rate occupancy of a minimum of 90% of its available bed capacity on a facility-wide basis.
(b) For a facility with less than 90% occupancy facility-wide, the number of total patient days shall be adjusted so that the 90% factor can be achieved. If occupancy for each level of care is below 90%, the patient days for each shall be adjusted to bring each to the 90% level.
(c) The occupancy level adjustment will be applicable to fixed costs such as depreciation, rent, interest, insurance and taxes. It will not apply to variable costs, such as staffing and food, since these costs should decrease as the occupancy level decreases.
(d) The average per diem rate determined at the end of the facility's fiscal year will be calculated in accordance with this section.
(e) A bed reserved for a recipient who is hospitalized will not be counted as an occupied bed unless the reserved bed is filled with another patient while the Medical Assistant recipient is hospitalized. A bed reserved for a recipient who is on therapeutic leave will be counted as an occupied bed.
(f) A waiver of the minimum bed occupancy allowance will be made for a new facility, at the time of the audit, relating to the facility's first 12 months of operation. If the facility has been in operation for at least 12 months prior to coming into the Medical Assistance Program, this waiver does not apply. This subsection does not apply to new additions to existing facilities or to the replacement of existing facilities.

depreciation) is set at 90% of the total available facility beds. Applying this formula DPW computed Lemington Home's allowable costs to be $37,179. Lemington Home argues that this requirement should be waived pursuant to 55 Pa.Code § 1181.233(f) because they in effect opened a new facility. Accordingly, Lemington Home argues that the depreciation allowance should be divided by the actual patient days instead of 90% of the facility's bed capacity and computes allowable costs to be $71,095. Lemington Home appealed DPW's assessment to the OHA which adopted the recommendation of the Attorney Examiner and rejected the appeal.

The issue we are requested to address is whether DPW correctly applied the 90% minimum bed occupancy provision of 55 Pa.Code § 1181.233(a)-(d) to compute Appellant's allowable depreciation costs.

■ Our scope of review of an administrative regulation is limited to a determination of whether there has been a clear abuse of discretion or a clearly arbitrary action. *Savko v. Department of Public Welfare*, 47 Pa.Commonwealth Ct. 168, 407 A.2d 152 (1979).

■ Lemington Home argues that the 180 bed facility should be regarded as a new facility because it is substantially larger than the old facility and thus possesses all of the attendant complexities of a newly opened facility. Lemington Home asserts that the requirement should thus be waived as it would for a new facility under 55 Pa.Code § 1181.233(f). Lemington Home concedes that the new home does not meet the definition of a "new facility", but argues that the Legislature never contemplated a situation such as theirs. DPW argues that its interpretation of its own regulation is controlling unless the interpretation is erroneous or inconsistent with the underlying statute. *Department of Public Welfare v. Forbes Health System*, 492 Pa. 77, 422 A.2d 480 (1980).

Upon examination of the Attorney Examiner's Adjudication, we find it accurate and persuasive. Lemington Home's interpretation of 55 Pa.Code § 1181.233 is inconsistent with the underlying statute and would render the last line of paragraph

(f) meaningless. Section 1181.233(f) states, "A waiver of the minimum bed occupancy allowance will be made for a new facility, at the time of the audit, relating to the facility's first 12 months of operation. If the facility has been in operation for at least 12 months prior to coming into the Medical Assistance Program, this waiver does not apply. *This subsection does not apply to new additions to existing facilities or to the replacement of existing facilities."* (Emphasis added). The Medical Assistance Program recognizes that the Lemington Home for the Aged has been in operation since 1873, as evidenced by the same ownership, provider contract and provider number. So must this Court when examining 55 Pa. Code § 1181.233.

Accordingly, we shall affirm.

## ORDER

AND NOW, to wit, this 14th day of April, 1994, the order of the Office of Hearings and Appeals of the Department of Public Welfare at Nos. 23–85–246, 24–85–222 and 40–85–036 and dated July 22, 1993 is affirmed.